Vince CAVALLARO, Appellant,

v.

Donald WYRICK, Warden, Missouri State Penitentiary, Appellee.

No. 82–1970.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 17, 1982.

Decided March 22, 1983.

Certiorari Denied June 20, 1983. See 103 S.Ct. 3120.

Bruce C. Houdek, James, Millert, Houdek, Tyrl & Sommers, Kansas City, Mo., for appellant.

John Ashcroft, Atty. Gen., Rosalynn Van Heest, Asst. Atty. Gen., Jefferson City, Mo., for appellee.

Before ROSS, JOHN R. GIBSON and FAGG, Circuit Judges.

FAGG, Circuit Judge.

Cavallaro, a state prisoner presently serving a life sentence at the Missouri State Penitentiary, appeals from the district court's order denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He challenges a custody request by the state of Texas under the Interstate Agreement on Detainers seeking his transfer to that state for trial on a murder charge.

## I.

In January 1981, Cavallaro escaped from the Ozark Correctional Center in Missouri. He was arrested in Texas in March 1981 and held in that state for several weeks pending the investigation of a murder. Missouri authorities filed a detainer with Texas authorities concerning the pending Missouri charges of escape and stealing. Cavallaro waived extradition proceedings and was returned to Missouri in March 1981 to face the pending charges and to continue serving the life sentence interrupted by his escape.

After Cavallaro was returned to the Missouri State Penitentiary, an indictment was returned in Texas charging him with murder. Texas authorities then lodged a detainer against him with the Warden of the Missouri State Penitentiary and the Texas prosecutor filed a written request for temporary custody for the purpose of bringing him to Texas for trial on the murder charge. Cavallaro was not taken before a Missouri judge for a pretransfer hearing and he was never informed of his right to legal counsel. However, before the Texas request was granted, Cavallaro, with the assistance of a prison inmate, filed a petition for habeas relief in a Missouri state court in an effort to prevent his transfer under the outstanding detainer. Following a transfer hearing at the Missouri State Penitentiary in November 1981, the state court denied Cavallaro's petition and authorized his removal to the state of Texas. Cavallaro filed a similar habeas petition with the Missouri Supreme Court and it

was denied in December 1981; however, in this petition Cavallaro complained that he was not being afforded the procedural protections that were available to extradited persons.

This federal habeas corpus action followed and the district court dismissed Cavallaro's petition for failure to state a claim cognizable in habeas corpus. Cavallaro's transfer to Texas has been held in abeyance pending the outcome of this appeal.

## II.

In *Cuyler v. Adams,* 449 U.S. 433, 101 S.Ct. 703, 66 L.Ed.2d 641 (1981), the Supreme Court held that a prisoner incarcerated in a state that has adopted the Uniform Criminal Extradition Act is entitled to the procedural protections of that Act, including the right to a pretransfer hearing, before being transferred to another state under the Interstate Agreement on Detainers. The pretransfer hearing is an important procedure for a prisoner who is confronted with the threat of transfer to another state against his will. At this hearing the prisoner is addressed by a state trial judge and is informed of the request for custody by another state, of his right to counsel, and of his right to apply for a writ of habeas corpus challenging the custody request.

Like *Cuyler,* this case involves the relationship between the Interstate Agreement and the Extradition Act. Because Missouri has adopted both the Interstate Agreement and the Extradition Act, and because Texas is seeking temporary custody of Cavallaro under the Interstate Agreement, we must decide whether Missouri's failure to provide Cavallaro with a pretransfer hearing under the Interstate Agreement, and the coincidental opportunity to secure legal counsel, may be remedied by habeas corpus under § 2241.

There are two facets to this cognizability question: whether the Interstate Agreement should be considered one of the "laws ... of the United States" contemplated by § 2241; and, if so, whether the failure to grant Cavallaro a pretransfer hearing is a violation of that federal law for

which relief under § 2241 may be had. The first facet is answered by the *Cuyler* analysis, and we hold that the Interstate Agreement is federal law for § 2241 purposes.

The second facet focuses upon Missouri's violation of the Interstate Agreement. It is undisputed that Cavallaro was not afforded a pretransfer hearing. Cavallaro argues that he resorted to representation by a prison inmate in his state habeas hearing because he was never advised of his right to counsel. The state views the failure to comply with the pretransfer hearing requirement as a trifling, technical violation of the Interstate Agreement. It argues that Cavallaro was not prejudiced by its clear omission to follow the Interstate Agreement, and points to the fact that Cavallaro had knowledge of the Texas demand, that he filed a state habeas corpus action, and that he was assisted throughout the proceeding by a prison inmate.

We disagree with the state's arguments. First, the pretransfer hearing statute is strongly worded; it provides that a prisoner has a "right" to "demand" and "procure" counsel, and it clearly recognizes that the assistance of counsel in such proceedings is not only important but is a "right" of the prisoner. Second, even though the issues in a habeas corpus proceeding under the Interstate Agreement are quite limited, legal expertise is necessary to consider and properly raise the pertinent questions. Moreover, in our view, representation by a prison inmate who dabbles in the law is not the substantial equivalent of legal counsel in these circumstances. Finally, there is a special urgency in a transfer proceeding where a prisoner is about to be transferred to another state against his will. Although the prisoner has the right to challenge the custody request at a judicial hearing he is also seriously disadvantaged. The prisoner is in custody and is in no position to conduct an investigation, contact witnesses, or obtain documents. For a potential challenge to be meaningful, it must be made before the prisoner is surrendered into the hands of the other state.

■ Thus, we conclude that the violation of the Interstate Agreement in this case

rises to the required level of seriousness to entitle Cavallaro to habeas relief. The failure of Missouri to fulfill the prisoner's right to counsel is the exceptional circumstance that makes § 2241 relief appropriate. *See Davis v. United States,* 417 U.S. 333, 346, 94 S.Ct. 2298, 2305, 41 L.Ed.2d 109 (1974). This case should be remanded to the state of Missouri for the purpose of providing Cavallaro with a pretransfer hearing, and he should also be given a reasonable period of time thereafter in which to apply for a writ of habeas corpus.

### III.

We decline to address Cavallaro's other contentions at this time. There is no assurance that Texas will persist in its efforts to obtain custody of Cavallaro. Moreover, having remanded the case to Missouri, it would be inappropriate for us to prejudge the other issues by an advisory opinion.

Accordingly, the order of the district court will be vacated and the case will be remanded to the district court for the entry of an order that is consistent with this opinion.

JOHN R. GIBSON, Circuit Judge, dissenting.

I respectfully dissent and would deny the petition for habeas corpus, for the reasons set forth by the experienced district judge in his well reasoned order denying the petition.

The basis for the majority opinion is simply that petitioner was not accorded the pretransfer hearing contemplated by Mo. Rev.Stat. § 548.101. The purpose of this hearing is to give the petitioner notice of the extradition demand and of the charges against him, and to inform him of the right to counsel and the right to challenge the extradition in a habeas proceeding. While the hearing was not held, as the district court observed:

> In the present case, the petitioner obviously received notice of the demand and the charges against him as his own pleadings indicate. Although it does not appear he was expressly informed of his right to secure counsel and to challenge

the extradition in habeas, he did in fact secure the services of an inmate law clerk and had his day in court on the state habeas corpus petition. Hence, although in some instances the failure to provide a pretransfer hearing could possibly rise to constitutional proportions, it did not in this instance as the interests sought to be served by the hearing were effectuated. In addition, the petitioner has not alleged that the State's failure to comply with the Extradition Act caused him harm, either in his defense to the pending state charges or his status in the Missouri State Penitentiary. *Huff v. United States,* 599 F.2d 860 (8th Cir.1979).

I agree with the district court that the interests sought to be served by the hearing were effectuated in this case. Petitioner has not shown that the failure to comply with the statute was a fundamental defect which inherently resulted in a complete miscarriage of justice. *Davis v. United States,* 417 U.S. 333, 346, 94 S.Ct. 2298, 2305, 41 L.Ed.2d 109, 119 (1974).