Gerald Wayne HUFF, Appellee,

v.

UNITED STATES of America, Appellant.

No. 78–1825.

United States Court of Appeals, Eighth Circuit.

Submitted March 13, 1979.

Decided June 6, 1979.

---

J. Whitfield Moody, Asst. U. S. Atty., Kansas City, Mo., for appellant; Ronald S. Reed, Jr., U. S. Atty., Kansas City, Mo., on brief.

* ANDREW W. BOGUE, United States District Judge, District of South Dakota, sitting by designation.

Benjamin D. Entine, Asst. Federal Public Defender, Kansas City, Mo., for appellee; David R. Freeman, Federal Public Defender, Kansas City, Mo., on brief.

Before BRIGHT and STEPHENSON, Circuit Judges, and BOGUE, District Judge.*

BRIGHT, Circuit Judge.

Gerald Wayne Huff seeks relief under 28 U.S.C. § 2255 (1976) for his conviction and four-year sentence of imprisonment for dealing in firearms without a license, in violation of 18 U.S.C. § 922(a)(1) (1976).[1] The district court set aside the conviction, basing its decision on the finding that Huff had been removed from and returned to state custody without being tried on the federal charge against him, in violation of the Interstate Agreement on Detainers Act (IAD), 18 U.S.C.App. § 2 (1976). The Government appeals. For the reasons stated below, we reverse.

I. *Factual Background.*

The Government indicted Gerald Wayne Huff on August 7, 1975, in the Western District of Missouri, for violations of 18 U.S.C.App. § 1201(a)(1) and 18 U.S.C. § 922(a)(1). At that time, Huff was serving a five-year state prison sentence at the Missouri Training Center for Men in Moberly, Missouri.

On August 25, 1975, pursuant to a writ of habeas corpus *ad prosequendum* issued by the United States District Court for the Western District of Missouri and dated August 14, 1975, federal marshals took Huff into federal custody and confined him at the Jackson County Jail in Kansas City, Missouri. Because of the existence of the federal indictment, the United States Marshal's Office, on August 26, 1975, mailed a detainer to the state penitentiary in Moberly, Missouri. On August 27, Huff appeared before the United States Magistrate in Kansas City for an omnibus hearing relat-

1. Huff's conviction was affirmed on direct appeal in *United States v. Huff,* 547 F.2d 1172 (8th Cir. 1976) (unpublished opinion).

ing to the federal charges against him, and on August 29 Huff pleaded not guilty at his arraignment in federal district court. The United States Marshal returned Huff to state custody on September 5, 1975.

On December 10, 1975, on the basis of the previously issued writ of habeas corpus *ad prosequendum*, but after the filing of the detainer, Huff was again transferred to federal custody and confined at the Jackson County Jail in Kansas City. The record does not disclose the precise reason for the December transferral of Huff. On December 17, 1975, Huff returned to state custody in Moberly, Missouri.

Huff's third transfer to federal custody following the August 7, 1975 indictment occurred on January 15, 1976. Huff remained in federal custody until his trial and conviction in early February. On February 9, 1976, Huff was returned to state custody.[2]

On June 7, 1976, Huff petitioned the district court for relief pursuant to 28 U.S.C. § 2255, and alleged, for the first time, that the United States had violated the IAD by removing him from state custody without proceeding to trial. Initially, the district court denied Huff's petition because "the 'written request for temporary custody or availability' mentioned in the [IAD] does not include temporary custody obtained by means of a writ of habeas corpus *ad prosequendum* [.]" Huff appealed to this court, and we remanded the case to the district court for reconsideration in light of the Supreme Court's decision in *United States v. Mauro*, 436 U.S. 340, 98 S.Ct. 1834, 56 L.Ed.2d 329 (1978).

On remand the district court dismissed the indictment against Huff and set aside his conviction for dealing in firearms with-

out a license because of the Government's violation of the IAD.[3]

## II. *Discussion.*

In *United States v. Mauro*, 436 U.S. 340, 98 S.Ct. 1834, 56 L.Ed.2d 329 (1978), the Supreme Court held that

> [o]nce the Federal Government lodges a detainer against a prisoner with state prison officials, the [IAD] by its express terms becomes applicable and the United States must comply with its provisions. * * * The fact that the prisoner is brought before the District Court by means of a writ of habeas corpus *ad prosequendum* in no way reduces the need for [the] prompt disposition of the charges underlying the detainer. [*Mauro, supra*, 436 U.S. at 361–62, 98 S.Ct. at 1848.]

In light of the detainer issued by the Government on August 26, 1975, the Government's removal of Huff from state to federal custody on December 10, 1975, triggered the provisions of the IAD. The Government's failure to try Huff on the pending federal charges against him before returning Huff to the state prison facility on December 17, 1975, constituted a failure to comply with the IAD.

We must decide whether Huff's prayer for relief, based on the Government's violation of the IAD, may be granted by the district court in a section 2255 action. Section 2255 reads, in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was

---

**2.** Huff was again taken into federal custody on March 1, 1976, for sentencing, and the district court imposed a four-year term of imprisonment on Huff. Thereafter, Huff returned to the state prison facility in Moberly, Missouri.

**3.** At the supplementary hearing on remand, the district court determined that, under the IAD, the Government was required to try Huff when, on December 10, 1975, while the detainer was outstanding, it transferred him from state to

federal custody for reasons connected with the pending federal charges against him. As already indicated, the Government returned Huff to state custody without trying him on that occasion.

In addition, the district court held that Huff's failure to request a speedy trial or to seek affirmative relief prior to this § 2255 action did not constitute a waiver of the rights provided by the IAD.

without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A motion for such relief may be made at any time.

The statute entitles a prisoner, in custody under a sentence imposed by a federal court, to postconviction relief on the following four grounds: (1) the sentence imposed violates the Constitution or laws of the United States; (2) the court that imposed the sentence lacked jurisdiction to do so; (3) the sentence exceeds the maximum authorized by law; and (4) the sentence "is otherwise subject to collateral attack." *Hill v. United States*, 368 U.S. 424, 426–27, 82 S.Ct. 468, 470, 7 L.Ed.2d 417 (1962).

■ Here, there is neither a question about a constitutional violation nor a doubt that the United States District Court for the Western District of Missouri possessed jurisdiction over Huff. Huff's section 2255 claim for relief must rest on a claim that his conviction was in violation of the "laws of the United States," *i. e.*, a violation of the IAD, or "is otherwise subject to collateral attack." When a section 2255 claim rests on either of those grounds, the alleged error must be "a fundamental defect which inherently results in a complete miscarriage of justice" and must present "exceptional circumstances where the need for the remedy afforded by the writ of *habeas corpus* is apparent." *Davis v. United States*, 417 U.S. 333, 346, 94 S.Ct. 2298, 2305, 41 L.Ed.2d 109 (1974); *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962).

Huff contends that the disruption in communication with his attorney caused by the Government's violation of the IAD presents the "exceptional circumstances" and results in the miscarriage of justice required before habeas corpus relief may be granted in a section 2255 action. In addition, Huff suggests that the violation of the IAD thwarted that statute's dual purpose of minimizing interference with a prisoner's participation in state prison treatment and rehabilitation programs and of expediting a prisoner's trial on charges pending in another jurisdiction.

■ In our judgment, Huff's claims either do not rise to the required level of seriousness or are unsubstantiated. Although the Government failed to comply with the provisions of the IAD, an examination of the record does not disclose that such violation caused Huff any harm, either in his defense to the pending federal charges or to his status in the state prison facility. Moreover, Huff neither made a speedy trial request nor demonstrated that the transfers between state and federal custody caused him any actual prejudice. Huff's claim based on the violation of the IAD, in this factual context, does not justify the granting of relief under 28 U.S.C. § 2255. *See Hitchcock v. United States*, 580 F.2d 964 (9th Cir. 1978); *Edwards v. United States*, 564 F.2d 652 (2d Cir. 1977). These cases show that the mere failure to comply with the IAD, without more, does not justify relief under section 2255.

■ We add the following caveat. Our decision does not foreclose section 2255 relief for governmental violations of the IAD in circumstances where the statutory violation may have served to prejudice a prisoner in some aspect of his state incarceration or in defending against a federal charge.

Reversed.