**Robert R. CODY, Petitioner/Appellant,**

**v.**

**P. J. MORRIS, Warden,
Respondent/Appellee.**

**No. 79–1023.**

United States Court of Appeals,
Ninth Circuit.

July 10, 1980.

T. Larson, San Francisco, Cal., argued, for petitioner/appellant; William Flenniken, Jr., San Francisco, Cal., on brief.

Charles M. Buzzell, Deputy Atty. Gen., San Francisco, Cal., for respondent/appellee.

Before GOODWIN, ALARCON and NELSON, Circuit Judges.

NELSON, Circuit Judge:

Cody appeals from the denial by the District Court of his petition for writ of habeas corpus. He claims that his trial took place outside the 120-day period prescribed under the Interstate Agreement on Detainers Act ("IADA") and that because a failure to try a defendant within this period is a violation of a law of the United States cognizable under § 2254, the District Court was required to make an independent factual determination of whether 120 days elapsed between Cody's transfer to California and the start of his trial. We agree and therefore remand to the District Court.

### Statement of Facts

While Cody was in federal custody, California authorities filed a detainer seeking his custody, under the name of Lee J. Evans, to try him for a murder committed in Oakland in 1971. Cody was transported to California in April 1975. Upon his arrival in California, Cody was informed that he had been indicted for the offenses previously charged by the complaint which formed the ground for the detainer. Cody's trial commenced on August 12, 1975, 132 days after his arrival in California. The first trial ended in a mistrial when the jury was unable to reach a verdict. The following day Cody again filed a motion challenging the right of the court to proceed, contending that he was being denied his right to be tried within 120 days under the IADA.

This motion was denied, and Cody's second trial commenced on October 9, 1975.

Cody was convicted on two counts of second degree murder. The conviction was affirmed on appeal, and hearing was denied by the California Supreme Court. The Supreme Court of the United States then denied Cody's petition for a writ of certiorari. Before bringing this action, Cody also unsuccessfully sought state habeas corpus relief. The District Court denied Cody's petition without a hearing.

### Is Cody's Claim Cognizable Under § 2254?

The first question we must address is whether, even if we assume that Cody was not tried within the time prescribed under the IADA, Cody alleges a violation of federal law that is cognizable under § 2254.

Congress enacted the Interstate Agreement on Detainers Act, 18 U.S.C. App. (1976), in 1970. It has since been enacted by at least 46 states, and it "prescribes procedures by which a member State may obtain for trial a prisoner incarcerated in another member jurisdiction and by which the prisoner may demand the speedy disposition of certain charges pending against him in another jurisdiction." *United States v. Mauro*, 436 U.S. 340, 343, 98 S.Ct. 1834, 1838, 56 L.Ed.2d 329 (1978). Congress explicitly noted in the Act itself that "charges outstanding against a prisoner, detainers based on untried indictments, informations, or complaints and difficulties in securing speedy trial of persons already incarcerated in other jurisdictions, produce uncertainties which obstruct programs of prisoner treatment and rehabilitation." For these reasons, Congress insisted in the IADA that prisoners taken from one jurisdiction to be tried in another be tried within 120 days of their arrival, unless the Government can show good cause in open court in the presence of prisoner or his counsel for the granting of a continuance. IADA art. IV(c). Congress also made clear that the consequences of a failure to begin the trial within this period would be a dismissal of the indictment, information or complaint with prejudice. IADA art. V(c). We have

little difficulty concluding that a failure of a state court to follow the mandate of the IADA to bring a defendant to trial within 120 days constitutes a violation of federal law for purposes of § 2254. *See United States v. Williams*, 615 F.2d 585 (3d Cir. 1980).

Our case is distinguishable from *Hitchcock v. United States*, 580 F.2d 964 (9th Cir. 1978), in which defendant alleged that a federal writ of habeas corpus *ad prosequendum* was a detainer for purposes of the IADA and that his federal indictment should have been dismissed when he was returned to state custody under Article IV(e) of the Act. Because a writ of habeas corpus *ad prosequendum* is not a "detainer," as the word is defined in the IADA, *United States v. Mauro*, 436 U.S. 340, 361, 98 S.Ct. 1834, 1847, 56 L.Ed.2d 329 (1978), the petitioner in that case did not allege any violation of federal law at all.

### Merits of the IADA claim

Whether petitioner was tried within 120 days of his arrival in California is a disputed question of fact. More than 120 days elapsed before the start of his trial, but it appears that Cody sought a writ of mandate from the California Court of Appeal that delayed his trial 11 days and he also executed a limited waiver of his rights under the California Speedy Trial Act, Cal. Penal Code § 1382, that the Government alleges operated as a waiver of his rights under IADA. Because of this factual dispute, the District Court was required either to make a determination as to the sufficiency of the state court findings from an independent review of the record or grant a hearing and make its own finding on the merits. *Turner v. Chavez*, 586 F.2d 111, 112 (9th Cir. 1978). The District Court in this case did neither, and hence a remand is in order.

### Other Issues

Cody raises other claims in his petition. He argues that because he was not given a hearing before he was taken to California, the California court did not have jurisdiction over him. Another Circuit has held that prisoners subject to Article IV of the IADA had the same right to a hearing as those subject to extradition. *Adams v. Cuyler*, 592 F.2d 720 (3d Cir. 1979), *cert. granted,* —— U.S. ——, 100 S.Ct. 1011, 62 L.Ed.2d 750 (1980). We, however, do not need to decide whether Cody had a right to such a hearing, because the denial of such a right would not take away from California its power to try him. "This Circuit adheres to the well-established principle of *Ker v. Illinois*, [119 U.S. 436, 7 S.Ct. 225, 30 L.Ed. 421 (1886)], and *Frisbie v. Collins*, [342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541 (1952)], that even the forcible return of a defendant to the jurisdiction in which he is tried is no bar to the prosecution of him once he is present in the forum state." *Myers v. Rhay*, 577 F.2d 504, 510 (9th Cir. 1978); *accord, United States v. Cotten*, 471 F.2d 744, 748 (9th Cir. 1973).

We reject Cody's fourth amendment claim because the record shows he was given a full and fair opportunity to litigate these claims in the state courts. *See Stone v. Powell*, 428 U.S. 465, 494, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976). Petitioner also asserts that his counsel's failure to make a motion to suppress and his failure to call certain witnesses denied him effective representation of counsel under *Cooper v. Fitzharris*, 586 F.2d 1325 (9th Cir. 1978) (*en banc*). We disagree. The record is sufficient to conclude that Cody does not allege any error that "a reasonably competent attorney acting as a diligent conscientious advocate would not have made," 586 F.2d at 1330, and that prejudiced Cody's rights as a result.

We have carefully examined Cody's other claims of error and find they are without merit.

### Conclusion

For the reasons we have given, the petition is remanded to the District Court.