Patrick Wayne **KERR**, Appellant,

v.

Fred **FINKBEINER**, Warden;  Gerald Baliles, Attorney General of Virginia, Appellees.

No. 84–6367.

United States Court of Appeals, Fourth Circuit.

Argued Jan. 7, 1985.

Decided March 18, 1985.

---

A. Strode Brent, Jr., Fairfax, Va. (Robert C. Whitestone, Whitestone, Rodway, Phillips, Brent, Young & Merril, P.C., Fairfax, Va., on brief), for appellant.

Todd E. LePage, Asst. Atty. Gen., Richmond, Va. (Gerald L. Baliles, Atty. Gen., Richmond, Va., on brief), for appellees.

Before HALL, ERVIN and SNEEDEN, Circuit Judges.

K.K. HALL, Circuit Judge.

Patrick Wayne Kerr appeals from the district court's order dismissing his petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. We affirm.

### I.

In April, 1979, fugitive warrants were issued in Chowan County, North Carolina, against Kerr, who was then incarcerated in Chowan County. The warrants charged Kerr with robbery, breaking and entering, use of a firearm in the commission of a felony, and petit larceny, all of which occurred in Spotsylvania County, Virginia, on January 17, 1979. Kerr transmitted a "Motion and Request for a Speedy Trial Upon Pending Charge or for Dismissal" of the charges contained in the fugitive warrants to the Spotsylvania County Circuit Court. The motion was filed on May 21, 1979.

Kerr was transported to Virginia from North Carolina on September 25, 1979. A preliminary hearing was set for November 7, 1979, but, upon request of Kerr's attorney, the hearing was rescheduled for November 28, 1979. On that date, Kerr formally waived his right to a preliminary hearing and consented to the proceedings being by direct indictment by a grand jury. On January 21, 1980, he was indicted by a grand jury for robbery, breaking and entering, use of a firearm in the commission of a felony, and petit larceny.

On May 19, 1980, Kerr moved to dismiss the indictment against him, claiming that

he had not been tried within 180 days of his May 21, 1979, motion pursuant to the provisions of Article III(a) of the Interstate Agreement on Detainers Act (the "IADA").[1] Kerr's motion to dismiss the indictment was denied, and on May 22, 1980, upon trial to the court, he was found guilty as charged. Kerr was sentenced to serve a total of twenty-nine years in the Virginia State Penitentiary, sixteen years of which were to run concurrently with other sentences previously imposed upon him. His subsequent petition for a writ of error to the Supreme Court of Virginia was denied.

Kerr then petitioned the federal district court for habeas corpus relief, alleging that he was not tried within the 180-day time limit prescribed by the IADA. Respondents moved to dismiss Kerr's petition on the ground that, *inter alia*, it did not state a cognizable claim under 28 U.S.C. § 2254. The district court agreed and granted re-spondents' motion to dismiss. From this dismissal, Kerr appeals.

II.

On appeal, Kerr contends that his claim that he was not tried within the time limits set forth in the IADA was cognizable under 28 U.S.C. § 2254. We disagree.[2]

In *Davis v. United States*, 417 U.S. 333, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974), the Supreme Court held that the appropriate inquiry to determine if habeas relief is warranted is "whether the claimed error of law [is] 'a fundamental defect which inherently results in a complete miscarriage of justice,' and whether '[i]t ... present[s] exceptional circumstances where the need for the remedy afforded by the writ of *habeas corpus* is apparent.'" *Id.* at 346, 94 S.Ct. at 2305 (quoting *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962)).[3] In *Bush v. Muncy*, we con-

---

1. Article III(a) of the IADA provides, in pertinent part, as follows:

   Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party State, and whenever during the continuance of the term of imprisonment there is pending in any other party State any untried indictment, information, or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within one hundred and eighty days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information, or complaint: *Provided,* That, for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance.

   18 U.S.C.App. § 2, art. III(a) (1982).

2. At the outset we note that the parties to this action have assumed that the fugitive warrants issued against Kerr while he was incarcerated in Chowan County, North Carolina, served as a detainer within the meaning of the IADA. Although the IADA does not define the word "detainer," the legislative history of the IADA states that "[a] detainer is a *notification filed* with the institution in which a prisoner is serving a sentence advising that he is wanted to face pending criminal charges in another jurisdiction." H.R. Rep. No. 91–1018, S.Rep. No. 91–1356, 91st

Cong., 2d Sess. 3, *reprinted in* 1970 *U.S.Code Cong. & Ad.News* 4864, 4865 (emphasis added).

   The record in this case is not clear with respect to whom the fugitive warrants were delivered and how Kerr received notice of the warrants. A review of the warrants shows that they were issued in Chowan County, North Carolina, by the Clerk of Superior Court of that County on the basis of arrest warrants received from Spotsylvania County, Virginia. The fugitive warrants were addressed "TO THE SHERIFF OF CHOWAN COUNTY OR OTHER LAWFUL OFFICER OF NORTH CAROLINA." They listed the felonies for which Kerr was wanted in Spotsylvania County and commanded the recipient(s) "to arrest the said PATRICK W. KERR, and keep him safely in order that he may be dealt with as law directs, UNTIL SAID DEFENDANT IS TURNED OVER TO The Commonwealth of Virginia."

   The question of whether the fugitive warrants issued against Kerr served as a detainer has not been raised in this case. Therefore, we do not address the issue, but merely assume, for the purposes of this opinion only, that they did function as a detainer.

3. As we stated in *Bush v. Muncy,* 659 F.2d 402 (4th Cir.1981), although the Supreme Court's decision in *Davis* was based on a claimed violation of the IADA in the context of 28 U.S.C. § 2255 instead of § 2254, "we can perceive no difference in the statutory language of the two sections that would merit different treatment of the IAD[A]." *Id.* at 407 n. 3.

sidered whether an alleged violation of Article IV(e) of the IADA, which requires that a prisoner be tried on all pending charges on which detainers have been lodged before being returned to his original place of incarceration, was grounds for habeas corpus relief. Applying the *Davis* criteria, we concluded that such a violation did "not constitute a fundamental defect entitling a petitioner to habeas relief under section 2254." *Bush,* 659 F.2d at 408. However, we specifically refrained from deciding whether an alleged violation of Article III(a)'s 180-day time provision presents a cognizable claim. *Id.* at 408 n. 4.

■ A review of the other circuits which have ruled on the cognizability of federal habeas corpus claims based on alleged violations of the IADA indicates that the courts are divided. Although the Third and Ninth Circuits have held that such claims are cognizable under the provisions for federal habeas relief,[4] we agree with the decisions of the First, Second, Sixth, Eighth and Tenth Circuits, which have concluded that IADA claims do not constitute fundamental defects and are not generally cognizable under federal habeas corpus provisions absent a showing of prejudice.[5]

■ Specifically, we hold that the violation of the 180-day time provision of Article III(a) alleged in this case does not constitute a fundamental defect entitling Kerr to relief under § 2254, because Kerr has failed to show any prejudice arising out of the alleged violation. Nor does this case " 'present exceptional circumstances where the need for the remedy afforded by the writ of *habeas corpus* is apparent.' " *Davis,* 417 U.S. at 346, 94 S.Ct. at 2305.

■ The IADA was designed, in part, to protect prisoners against whom detainers are issued from being denied prison privileges and rehabilitation efforts. *See United States v. Mauro,* 436 U.S. 340, 98 S.Ct. 1834, 56 L.Ed.2d 329 (1978). As Kerr has introduced no evidence indicating that he has suffered any prejudice in his incarceration or in defending against the charges against him, we hold that, under *Davis,* the alleged violation of Article III(a) of the IADA is not cognizable under 28 U.S.C. § 2254.

### III.

For the foregoing reasons, the judgment of the district court is affirmed.

AFFIRMED.

---

**4.** The Third Circuit has held that an alleged violation of the IADA is cognizable under § 2255, finding that such a violation is an exceptional circumstance warranting habeas relief. *United States v. Williams,* 615 F.2d 585, 590 (3rd Cir.1980). The Ninth Circuit has also ruled that a claim under the IADA is cognizable in federal habeas corpus. *Cody v. Morris,* 623 F.2d 101, 102–03 (9th Cir.1980).

**5.** The Tenth Circuit has held that "[a]bsent special circumstances, violations of the IADA are not grounds for collateral attack on a federal conviction and sentence under § 2255." *Greathouse v. United States,* 655 F.2d 1032, 1034 (10th Cir.1981), *cert. denied,* 455 U.S. 926, 102 S.Ct. 1289, 71 L.Ed.2d 469 (1982). *See also Mars v. United States,* 615 F.2d 704 (6th Cir.), *cert. denied,* 449 U.S. 849, 101 S.Ct. 138, 66 L.Ed.2d 60 (1980) (alleged violations of Article IV(e) trial-before-return provision and Article IV(c) 120-day time limit not cognizable under § 2255 as petitioner failed to show actual prejudice); *Fasano v. Hall,* 615 F.2d 555 (1st Cir.), *cert. denied,* 449 U.S. 867, 101 S.Ct. 201, 66 L.Ed.2d 86 (1980) (alleged violation of Article III(a) 180-day time provision and other alleged IADA violations not cognizable under § 2254 as they did not constitute fundamental defects); *Huff v. United States,* 599 F.2d 860 (8th Cir.), *cert. denied,* 444 U.S. 952, 100 S.Ct. 428, 62 L.Ed.2d 323 (1979) (alleged violation of Article IV(e) trial-before return provision not cognizable under § 2255 absent a showing of prejudice); *Edwards v. United States,* 564 F.2d 652 (2d Cir.1977) (alleged violation of Article IV(e) trial-before-return provision not cognizable under § 2255 as there was no fundamental defect).