No. 84–6792. KERR v. FINKBEINER, WARDEN, ET AL. C. A. 4th Cir. Certiorari denied. 

JUSTICE WHITE, with whom JUSTICE MARSHALL joins, dissenting.

In April 1979, fugitive warrants were issued against petitioner Kerr by the Circuit Court of Spotsylvania County, Virginia. At that time, Kerr was incarcerated in North Carolina. On May 21, 1979, Kerr filed a "Motion and Request for a Speedy Trial Upon Pending Charge or for Dismissal of Detainer" in the Spotsylvania County Circuit Court. Receipt of the motion was acknowledged by that court on May 23, 1979. On September 25, 1979, Kerr was transported to Virginia from North Carolina. A preliminary hearing was set for November 7, 1979, but the hearing was rescheduled for November 28, 1979, at the request of Kerr's attorney. On the latter date, Kerr waived his right to a preliminary hearing and consented to the State's proceeding by grand jury indictment. The Spotsylvania County grand jury indicted Kerr on January 21, 1980, and his trial was set for May 22, 1980.

On May 19, 1980, Kerr moved to dismiss the indictment. He based this motion on Article III(a) of the Interstate Agreement on Detainers (IAD), which provides that a prisoner against whom a detainer has been lodged "shall be brought to trial within one hundred and eighty days after he shall have caused to be delivered to the prosecuting officer and the appropriate court . . . written notice of . . . his request for a final disposition to be made of the indictment, information, or complaint . . . ," as set forth in 18 U. S. C. App. § 2. Article V(c) of the IAD further provides that

---

"in the event that an action on the indictment, information, or complaint on the basis of which the detainer has been lodged is not brought to trial within the period provided in article III . . . hereof, the appropriate court of the jurisdiction where the indictment, information, or complaint has been pending shall enter an order dismissing the same with prejudice . . . ."

Kerr's motion was denied, and he was tried and found guilty as charged. His petition to the Supreme Court of Virginia for a writ of error was denied.

Kerr then filed a petition for a writ of habeas corpus in the United States District Court for the Eastern District of Virginia. He asserted in that petition that he was entitled to relief because he had not been tried within the time limits prescribed by Article III(a) of the IAD. The District Court dismissed the complaint on the ground that it did not state a claim for relief under 28 U. S. C. § 2254.

The United States Court of Appeals for the Fourth Circuit affirmed the dismissal of Kerr's habeas corpus petition. 757 F. 2d 604 (1985). The Fourth Circuit cited *Davis* v. *United States*, 417 U. S. 333 (1974), as setting forth the inquiry for determining whether habeas relief is warranted: "'whether the claimed error of law was "a fundamental defect which inherently results in a complete miscarriage of justice," and whether "[i]t . . . present[s] exceptional circumstances where the need for the remedy afforded by the writ of *habeas corpus* is apparent."'" 757 F. 2d, at 606 (quoting *Davis*, *supra*, at 346 (in turn quoting *Hill* v. *United States*, 368 U. S. 424, 428 (1962))). The court then noted that in a similar case concerning Article IV(e) of the IAD (under which a prisoner must be tried before being returned to his original place of incarceration and to which the same Article V sanction applies), a previous panel of the Circuit had held that the IAD violation did not present a cognizable habeas claim under the *Davis* test. See *Bush* v. *Muncy*, 659 F. 2d 402 (CA4 1981). In that case, the court had concluded that "only those statutory rights of a fundamental nature closely related to constitutionally secured rights to fair prosecution and adjudication should be subject to vindication by collateral review of criminal convictions." *Id.*, at 409.

The Court of Appeals also noted in this case that the Circuits are divided on the question whether Articles III and IV IAD viola-

tions present cognizable habeas claims under *Davis*. The Third and Ninth Circuits have held that they do. The Third Circuit, for example, has held that such a violation constitutes a "fundamental defect" because, although it does not go to the question of guilt or innocence, Congress made such a violation an absolute defense to prosecution; this strong congressional policy comprises the type of "exceptional circumstance" that makes habeas relief appropriate. See *United States* v. *Williams*, 615 F. 2d 585, 590 (1980). See also *Cody* v. *Morris*, 623 F. 2d 101 (CA9 1980).

All the other Circuits that have addressed the issue have determined that habeas relief is not appropriate in this context, although it may be if prejudice or special circumstances are shown. See, *e. g.*, *Greathouse* v. *United States*, 655 F. 2d 1032 (CA10 1981), cert. denied, 455 U. S. 926 (1982); *Mars* v. *United States*, 615 F. 2d 704 (CA6), cert. denied, 449 U. S. 849 (1980); *Fasano* v. *Hall*, 615 F. 2d 555 (CA1), cert. denied, 449 U. S. 867 (1980); *Huff* v. *United States*, 599 F. 2d 860 (CA8), cert. denied, 444 U. S. 952 (1979); *Edwards* v. *United States*, 564 F. 2d 652 (CA2 1977). The Court of Appeals below followed the latter group of cases and held that since Kerr had introduced no evidence of prejudice, his petition had properly been dismissed.

The conflict among the Circuits on this issue is clear. In some Circuits an IAD violation that constitutes an absolute defense under the Agreement can, without more, serve as the basis for habeas relief. In others, prejudice must be shown. Furthermore, it is obvious that the issue is a recurring one. I would grant the petition to settle this conflict.