836 F.2d 1347
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Paul CHILDRESS, Petitioner-Appellant,
v.
STATE OF OHIO and State of Florida, Respondents-Appellees.
 No. 86-3275.
 United States Court of Appeals, Sixth Circuit.
 Jan. 4, 1988.
 
 Before MERRITT, BOYCE F. MARTIN, Jr., and WELLFORD, Circuit Judges.
 WELLFORD, Circuit Judge.
 
 
 1
 Petitioner Childress was found guilty of carrying a concealed weapon and filed a plea of guilty to a reduced charge of aggravated assault on the original charge of felonious assault in an Ohio state court. He appealed the conviction to an Ohio Court of Appeals which affirmed the trial court decision. He then filed a motion for leave to appeal with the Supreme Court of Ohio which was overruled by the Supreme Court and sua sponte dismissed. Childress then filed, pursuant to 28 U.S.C. Sec. 2254, a petition for writ of habeas corpus. After the district court dismissed without prejudice this petition for failure to exhaust state remedies on the effective assistance of counsel claim, Childress filed an amended petition. The district court concluded that the petition was without merit and ordered dismissal, from which this appeal ensued.
 
 
 2
 The district court summarized the facts as follows:
 
 
 3
 In his first claim petitioner states that Ohio failed to bring petitioner to trial within the time specified in the Interstate Agreement on Detainers [IAD]. Petitioner states that in June 1982 during his incarceration in Florida he sent a letter to the Hamilton County, Ohio prosecuting attorney's office requesting that he be brought to trial within the time specified .... The prosecuting attorney's office sent petitioner a letter acknowledging receipt of his request and informing him that no action would be taken with respect to his request until he filed the proper papers. The letter further instructed petitioner on the proper procedure under the Interstate Agreement on Detainers. Petitioner states that he completed the proper forms in September 1982 while imprisoned in Florida's Avon Park Correctional Institute. Petitioner was subsequently transferred to Florida's Tomoka Correctional Institute. Respondent states that the Hamilton County Prosecutor did not receive the proper forms until March 1983. Petitioner was brought to trial on the Ohio charges on June 13, 1983. This was within one hundred and eighty days from the date the prosecutor states he received the proper forms but greater than one hundred and eighty days from petitioner's alleged signing the proper forms in September of 1982.
 
 
 4
 The trial court sentenced Childress to a 3-10 year sentence for carrying a concealed weapon, to run consecutively with a sentence imposed by the State of Florida, and additionally, sentenced him to a term of 1 to 5 years on the charge of aggravated assault to be served concurrently with that of the Florida sentence. Childress claims that his attorney informed him that the Ohio trial judge made several statements prior to trial about his intention to give petitioner the maximum sentence even if he pled guilty, because petitioner had fled the jurisdiction several years earlier after the judge had released him from incarceration on a reduced bond.
 
 The issues involved in this appeal are:
 
 5
 (1) Were the speedy trial provisions of the IAD violated?
 
 
 6
 (2) Were defendant's due process rights to a fair and impartial proceeding violated?
 
 
 7
 (3) Were the defendant's due process rights to a fair and impartial proceeding violated?
 
 
 8
 (4) Are challenges to the conditions of custody, such as denial of participation in rehabilitative programs, cognizable in a federal habeas corpus proceeding?
 
 
 9
 Childress claims that in September 1982 he completed the proper forms to invoke the IAD's speedy trial provisions and returned them to his classification supervisor in Florida for processing. He took no further action because he believed that he had filed the necessary forms with the appropriate prison authorities. In late 1982 and early 1983, however, he retained legal counsel who discovered that the Hamilton County Prosecutor's office had never received the IAD forms. Childress contends that under IAD he was only required to give his local custodian written notice of his place of incarceration and to request a speedy trial in writing. He argues that responsibility shifted to the state custodian to attach a certificate and mail the necessary papers, citing United States v. Hutchins, 489 F.Supp. 710 (N.D.Ind.1980). He argues further that the state court's finding that he failed to comply with IAD until 1983 should not be given a presumption of correctness because the trial court failed to conduct a full and fair hearing and to develop all the material facts as to this particular issue. Childress contends that the burden of complying strictly with IAD had shifted to the Florida and Ohio authorities.
 
 
 10
 Respondent argues that the literal requirements of IAD must be fulfilled in order to commence the running of the 180 day time limit and that since Childress has not demonstrated compliance in Ohio, the claim should be dismissed. Respondent asserts that state court findings of fact on which Childress filed requisite documents are entitled to a presumption of correctness in habeas corpus proceedings in the district court. See 28 U.S.C. Sec. 2254; Sumner v. Mata, 449 U.S. 539 (1981); Marshall v. Lonberger, 459 U.S. 422 (1983).
 
 
 11
 IAD is a congressionally sanctioned interstate compact, the interpretation of which presents a question of federal law. Cuyler v. Adams, 449 U.S. 433, 442 (1981). Whether relief may be granted in a Sec. 2254 habeas corpus proceeding for a violation of time provisions in the IAD is a question of considerable difficulty. See Mars v. United States, 615 F.2d 704 (6th Cir.), cert. denied, 449 U.S. 849 (1980); Stroble v. Anderson, 587 F.2d 830 (6th Cir.1978), cert. denied 440 U.S. 940 (1979); Fasano v. Hall, 615 F.2d 555 (1st Cir.), cert. denied, 449 U.S. 867 (1980); Kerr v. Finkbeiner, 757 F.2d 604 (4th Cir.), cert. denied, 474 U.S. 929 (1985); Carlson v. Hong, 707 F.2d 367 (9th CIr.1983); Tinghitella v. California, 718 F.2d 308 (9th Cir.1983); Webb v. Keohane, 804 F.2d 413 (7th Cir.1986); Casper v. Ryan, 822 F.2d 1283 (3d Cir.1987); United States v. Williams, 615 F.2d 585 (3d Cir.1980). We are concerned, however, regarding the claim of prejudice by reason of an alleged failure of Florida officials to forward necessary papers to trigger the IAD time limitation and transfer to Ohio for trial. We believe that the majority view is that non-compliance with IAD by a participating state may not form a basis for federal habeas corpus relief unless it is considered so fundamental a defect that defendant is deprived of a fair trial.
 
 
 12
 We decide this case, however, on another basis. Here the district court presumed that the Ohio court's factual finding that Childress had not filed the proper forms under the Act until March 31, 1983 was correct. The district court therefore denied petitioner's claim on this IAD speedy trial basis, because it found that Childress was brought to trial within 180 days of filing all the proper forms in the Ohio prosecutor's office. It held that there was no violation of IAD. In Carchman v. Nash, 473 U.S. 716, 723 n. 2 (1985), the Court specifically noted that for purposes of the decision it would assume without deciding that the district court's ruling on compliance with the notice provisions was correct. The district court had ruled "that respondent's letters requesting disposition of the detainer were sufficient to invoke Art. III, even though they did not strictly comply with Art. III's request procedures."[1]
 
 
 13
 United States v. Ricketson, 498 F.2d 367, 372-73 (7th Cir.), cert. denied, 419 U.S. 965 (1974), held that the 180 day time period did not commence "until the prisoner causes the written notice and certificate specified therein to be delivered to the court and prosecutor." 498 F.2d at 373.[2]
 
 
 14
 There are contrary cases in respect to the strict rationale of Ricketson to the effect that technical notice requirements may be excused under certain circumstances.[3] We believe that the district court was correct in giving the state court's finding as to the time of filing with Ohio authorities a presumption of correctness.
 
 
 15
 We next consider whether in this case petitioner's speedy trial rights were violated. The State of Ohio was aware in April of 1982 that petitioner was in Florida in custody, because a Hamilton County Sheriff's Department representative testified at a hearing there at that time. The record reflects also that petitioner requested a speedy trial by letter in June of 1982. Trial did not take place until June of 1983, but on the first day of trial Childress requested a continuance.[4]
 
 
 16
 The state appellate court held, in affirming petitioner's conviction, that he did not file the proper forms under IAD until March 31, 1983. This finding the district court determined to be entitled to a presumption of correctness. See Sumner v. Mata, 449 U.S. 539 (1981); Marshall v. Loneberger, 459 U.S. 422 (9183). It is uncontested that petitioner fled the jurisdiction of Ohio and was in Florida or in custody of Florida officials until March of 1983. As did the district court, we look to the Barker v. Wingo, 407 U.S. 514 (1972), standards to determine if there were a sixth amendment "speedy trial" violation. We consider the Barker standards apart from IAD time requirements. Childress was brought to trial in less than a year after he demanded a speedy trial. "[A]ssertion of or failure to assert his right to a speedy trial is one of the factors to be considered in an inquiry into the deprivation of the right." Barker, 407 U.S. at 528. The Court ruled that a defendant "has some responsibility to assert a speedy trial claim." Id. at 529. The time involved in this case in every aspect was less than the time involved in Barker to bring the criminal defendant to trial. There was not a "presumptively prejudicial" delay. Id. at 530.
 
 
 17
 The prime reason for the delay here, after demand for a speedy trial, was a failure which was attributed to Childress to file the proper papers so that Ohio could proceed on its detainer against Childress in Florida. Within three months after Childress completed the filing of necessary papers, he was brought back to Ohio and proceeded to trial. The reason for the delay was not, in any event, to give Ohio prosecutors a tactical advantage, nor due to negligence, nor bad faith on the part of Ohio authorities. The petitioner has demonstrated no error on the part of the district court in its finding that Barker v. Wingo standards have been satisfied in this case, except for Childress' claims of prejudice concerning the death of two purported witnesses during the delay period. Since the district court did not discuss his basis for finding no prejudice, we must remand for its consideration of Childress' claim of prejudice, one of the Barker factors.
 
 
 18
 With respect to petitioner's claim of denial of his right to a fair and impartial trial, we find no showing that the jury trial afforded him was "infected" by the trial judge's alleged intention to impose a heavy sentence upon him, if found guilty, by reason of his escape from Ohio. We have indicated that a sentencing judge has wide discretion in effectuating a sentence once a jury has determined guilt. We find no constitutional error in the judge's taking into account Childress' extensive criminal record, including his escape felony. See McBee v. Grant, 763 F.2d 811 (6th Cir.1985).
 
 
 19
 Petitioner's claim concerning his conditions of custody in Florida and the asserted hardships imposed upon him by reason of the filing of the Ohio detainer relate to challenges that test conditions of custody. We do not find this type of claim cognizable in a federal habeas corpus proceeding, and we affirm the district court's disposition in this regard.
 
 
 20
 As indicated, whether a demonstrated violation of IAD forms a basis for habeas corpus relief is a matter of doubt. Giving petitioner the benefit of that doubt, we still do not find on the record a basis for relief under all the circumstances. Ohio, the state issuing the detainer, was not at fault in insisting that it receive the necessary papers for invocation of the IAD time requirements prior to instituting procedurees to bring petitioner to trial. Delay in receiving the necessary forms from the custodial state, Florida, may not have been the fault of petitioner, but there are not alleged here "such egregious IAD violations that might present 'exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent.' " Fasano v. Hall, 615 F.2d 555, 558 (1st Cir.), cert. denied, 449 U.S. 867 (1980). See also Casper v. Ryan, 822 F.2d 1283 (3d Cir.1987) (pet. for cert. filed 9/18/87). We have already discussed the claim of constitutional violation with regard to speedy trial within the meaning of Barker v. Wingo, supra, and find no constitutional violation.
 
 
 21
 Accordingly, we AFFIRM the district court with respect to his disposition of petitioner's claims with respect to due process claims and with respect to his contentions concerning conditions of his confinement in Florida and with respect to the IAD contentions. With respect to the constitutional speedy trial claim, we REMAND the case to the district court but only for further consideration of petitioner's claim of prejudice with respect to alleged missing witnesses by reason of the delay which petitioner claims was a consequence of denial of a speedy trial.
 
 
 22
 MERRITT, Circuit Judge, concurring.
 
 
 23
 I concur in the result reached by the Court, but only because in my view petitioner-appellant failed to carry his burden of proof. Specifically, he failed to show that there was speedy-trial prejudice, and also failed to show that he satisfied the general requirements of the Interstate Agreement on Detainers to give notice to the state in which he was incarcerated. I would not reach the other issues treated in the Court's opinion.
 
 
 
 [1]
 Justices White and Marshall dissented to a denial of certiorari in the cases of Kerr v. Finkbeiner, 474 U.S. 929 (Oct. 21, 1985). The issue was whether a violation of III(a) of the IAD is cognizable in a habeas corpus proceeding. The Justices noted a split among the circuits on this question as to whether prejudice must be shown in light of the Court's former decision of Davis v. United States, 417 U.S. 333 (1974). In Mars v. United States, 615 F.2d 704 (6th Cir.), cert. denied, 449 U.S. 849 (1980), we held that IAD claims are not cognizable under a motion for Sec. 2255 relief unless prejudice is shown
 
 
 [2]
 An unpublished decision of this court cited and relied upon Ricketson. See Patterson v. Hopkins, No. 79-1354 (6th Cir. May 2, 1980), by holding that "written notice and a specified certificate" must be delivered to the court and the prosecutor in order to begin the 180 day period
 
 
 [3]
 Compare United States v. Hutchins, 489 F.Supp. 710 (E.D.Ky.1981); Schofs v. Wonder, 509 F.Supp. 78 (E.D.Ky.1981), with Williams v. Maryland, 445 F.Supp. 1216 (D.Md.1978), and Gray v. Benson, 443 F.Supp. 1284 (D.Kan.1978)
 
 
 [4]
 This request for continuance at trial was noted by the trial court. Petitioner does not contest this finding