846 F.2d 70
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Jimmy Rogers COFFEY, Plaintiff-Appellant,
v.
NORTH CAROLINA DEPARTMENT OF CORRECTION, Rae McNamara, Hazel
Keith, Defendants- Appellees.
 No. 87-6561.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 4, 1988.
Decided April 27, 1988.
 
 Jimmy Rogers Coffey, appellant pro se.
 Tiare Bowe Smiley, Office of Attorney General of North Carolina, for appellees.
 Before DONALD RUSSELL and K.K. HALL, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Jimmy Rogers Coffey appeals the district court's entry of summary judgment on his 42 U.S.C. Sec. 1983 complaint alleging a violation of his rights under the Interstate Agreement on Detainers (IAD). We vacate the district court's judgment and remand for further consideration of Coffey's claim.
 
 
 2
 Coffey alleged that defendant officials of the North Carolina Department of Corrections failed to inform him, as required by Article III(c) of the IAD,* of his right to request a prompt disposition of the detainer lodged against him by the state of Alabama. He contended that he did not learn of this right until over six months later, when he was advised of his IAD rights by another inmate, at which time he requested a prompt disposition of the charges. Coffey asserted that as a result of the defendants' negligence in failing to give him the required advice he was denied his right, guaranteed by Article III(a), to have the charges tried within 180 days. He sought $40,000 in damages.
 
 
 3
 The magistrate, to whom the case was referred for a recommendation on defendants' motion for summary judgment, recognized that, under Cuyler v. Adams, 449 U.S. 442, 450 (1981), Coffey's claim of a violation of the IAD was actionable under 42 U.S.C. Sec. 1983. He further recognized that the materials before him on the summary judgment motion did not resolve whether North Carolina corrections officials had informed Coffey of his Article III rights as required by the IAD. The magistrate concluded, however, that Coffey's allegations of negligence in this regard failed to state a basis for relief as "[a]n act of negligence is simply not redressable under Sec. 1983." The district court adopted the magistrate's recommendation that relief be denied on this basis.
 
 
 4
 Although the Supreme Court has found mere negligence insufficient to establish a violation of a number of constitutional protections, see, e.g., Daniels v. Williams, 474 U.S. 327, 330 (1986) (mere negligence insufficient to establish a deprivation under the due process clause); Arlington Heights v. Metropolitan Housing Development Corp., 429 U.S. 252 (1977) (invidious discriminatory purpose required for claim of racial discrimination under equal protection clause); Estelle v. Gamble, 429 U.S. 97 (1976) (deliberate indifference to prisoner's serious illness or injury required to show cruel and unusual punishment under the eighth amendment), the Court has rejected the notion that Sec. 1983 contains a "state-of-mind requirement independent of that necessary to state a violation of the underlying constitutional right." Daniels, 474 U.S. at 329-30; see also Parratt v. Taylor, 451 U.S. 527, 534-35 (1981). As Sec. 1983 does not contain an independent state-of-mind requirement, the district court's conclusion that negligence is not redressable under Sec. 1983 was overbroad. Moreover, we have been unable to find any support for the conclusion that a failure to follow the requirements of the IAD must be deliberate, reckless, or grossly negligent to give rise to a claim under Sec. 1983. See, e.g., Bush v. Muncy, 659 F.2d 402, 413-14 (4th Cir.1981) (Sec. 1983 claim stated against responsible official who failed, as required by Article IV of IAD, to notify authorities of prisoner's imminent transfer), cert. denied, 455 U.S. 910 (1982). Absent such authority, we believe that Coffey is entitled to a resolution of his contention that he was not informed of his rights under Article III of the IAD.
 
 
 5
 We recognize, as did the district court, that Coffey may be unable to prove any actual damages flowing from the alleged failure to inform him of his rights. Cf. Arebaugh v. Dalton, 730 F.2d 970, 972 (4th Cir.1984) (unlikely that claimed IAD violation led to an unmerited conviction). We have considered this factor determinative in the habeas corpus context, holding that IAD claims "do not constitute fundamental defects and are not generally cognizable under federal habeas corpus provisions absent a showing of prejudice." Kerr v. Finkbeiner, 757 F.2d 604, 607 (4th Cir.), cert. denied, 474 U.S. 929 (1985). See also Casper v. Ryan, 822 F.2d 1283, 1289-90 (3d Cir.1987), cert. denied, 108 S.Ct. 714 (1988). As the relief sought in a Sec. 1983 action does not challenge the validity of the prisoner's conviction, however, Coffey may be entitled to recover nominal damages for the violation. Arebaugh, 730 F.2d at 972.
 
 
 6
 Accordingly, we vacate the dismissal of the complaint and remand for the district court to ascertain the facts surrounding Coffey's claim that he did not receive the advice required under the IAD. On remand the district court should, if necessary, afford Coffey an opportunity to amend his complaint to name the correct persons against whom the claim is asserted. See Gordon v. Leeke, 574 F.2d 1147, 1152-53 (4th Cir.), cert. denied, 439 U.S. 970 (1978). We dispense with oral argument because the facts and legal contentions are adequately developed in the materials before the Court and argument would not aid the decisional process.
 
 
 7
 VACATED AND REMANDED.
 
 
 
 *
 Article III(c) of the IAD, 18 U.S.C. App. Sec. 2; N.C.Gen.Stat. Sec. 15A-761, provides:
 The warden, commissioner of corrections, or other official having custody of the prisoner shall promptly inform him of the source and contents of any detainer lodged against him and shall also inform him of his right to make a request for final disposition of the indictment, information, or complaint on which the detainer is based.