902 F.2d 1565
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Ronald McGILL, Petitioner-Appellant,
v.
STATE OF NORTH CAROLINA, Respondent-Appellee.
 No. 89-6608.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 19, 1990.
Decided May 1, 1990.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. James B. McMillan, Senior District Judge. (C/A No. 88-42-C-C-M)
 Ronald McGill, appellant pro se.
 Barry Steven McNeill, North Carolina Department of Justice, Raleigh, N.C., for appellee.
 W.D.N.C.
 VACATED AND REMANDED.
 Before MURNAGHAN, SPROUSE and WILKINSON, Circuit Judge.
 PER CURIAM:
 
 
 1
 Ronald McGill, a North Carolina inmate, seeks to appeal the district court's dismissal of his petition for habeas corpus relief brought pursuant to 28 U.S.C. Sec. 2254. Because we conclude that the petition contains both exhausted and non-exhausted claims, we grant a certificate of probable cause to appeal and vacate the judgment below.
 
 
 2
 In his petition McGill alleged, among other things, that he was entitled to habeas relief because his trial counsel was ineffective for failing to move to dismiss the indictment on the grounds that the trial was not held within the 180-day period required by Article III of the Interstate Agreement on Detainers.[1] The state filed an answer and moved to dismiss the petition without prejudice on the grounds that the claim had not been properly exhausted in the state courts. Subsequent to the filing of the state's answer McGill was allowed to amend his petition to add a claim alleging that Article III of the IAD was unconstitutionally vague.[2] The district court rejected the state's assertion that the claim had not been properly exhausted and dismissed the amended petition on the merits.
 
 
 3
 McGill first presented his ineffective assistance claim to the North Carolina Court of Appeals in a pro se "amended" motion for appropriate relief filed in the court of appeals after that court had issued its opinion affirming his conviction, and while his petition for review of the decision was pending in the North Carolina Supreme Court.[3] It is unclear from the order of the court of appeals denying the "amended motion" whether the court considered the merits of the claim or merely declined to consider the pro se amendment to the existing motion for appropriate relief. Consequently, we are unable to conclude that the claim has been fairly presented to the North Carolina courts as required by 28 U.S.C. Sec. 2254(b) and (c).
 
 
 4
 If a petition for habeas corpus relief contains both exhausted and non-exhausted claims, the district court must dismiss the petition without prejudice to the petitioner's refiling his petition after all of the claims have been properly exhausted. Rose v. Lundy, 455 U.S. 509 (1982). McGill's presentation of the ineffective assistance claim for the first time in an amended motion for appropriate relief to the North Carolina Court of Appeals after that court had affirmed his conviction was insufficient for exhaustion purposes. See Castille v. Peoples, 57 U.S.L.W. 4249 (U.S. Feb. 22, 1989) (No. 87-1602) (presentation of claim to state's highest court with jurisdiction to hear the claim on discretionary review, without more, fails to satisfy the exhaustion requirements of 28 U.S.C. Sec. 2254). McGill may exhaust his ineffective assistance of counsel claim and his claim challenging the constitutionality of Article III of the IAD by presenting them in another motion for appropriate relief in the state circuit court, and appealing any unsatisfactory result to the North Carolina Court of Appeals. See Richardson v. Turner, 716 F.2d 1059, 1062 (4th Cir.1983) (where there is a reasonable possibility that an exception to a state procedural bar exists the federal courts should not apply the state's procedural bar to find futility of exhaustion).
 
 
 5
 Accordingly, we grant a certificate of probable cause to appeal, vacate the judgment of the district court and remand with instructions to dismiss the petition without prejudice to McGill's refiling it after proper exhaustion of state remedies on all of his claims. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 VACATED AND REMANDED.
 
 
 
 [1]
 McGill also alleged that the trial court erred in instructing the jury on forgery, and that the state failed to try him within the 180-day period required by Article III of the Interstate Agreement on Detainers. The claim relating to the jury instruction has been properly exhausted. Although it is unclear from the state court records whether the claim concerning the state's alleged violation of the IAD has been exhausted we do not dwell on it because the allegations do not constitute a fundamental defect entitling McGill to relief under Sec. 2254. See Kerr v. Finkbeiner, 757 F.2d 604, 607 (4th Cir.), cert. denied, 474 U.S. 929 (1985) ("IADA claims do not constitute fundamental defects and are not generally cognizable under federal habeas corpus provisions absent a showing of prejudice.")
 
 
 [2]
 There is no indication in any of the state court filings that this claim has ever been presented to a state court
 
 
 [3]
 McGill, by counsel, had previously filed a motion for appropriate relief in the North Carolina Court of Appeals while his direct appeal was pending