983 F.2d 1055
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Charles E. BRENT, Petitioner-Appellant,
v.
WARDEN, Maryland Correctional Institution-Jessup,
Respondent-Appellee.
 No. 92-6407.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: November 9, 1992
Decided: December 31, 1992
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Frank A. Kaufman, Senior District Judge. (CA-91-3508-K)
 Charles E. Brent, Appellant Pro Se.
 John Joseph Curran, Jr., Attorney General, Cathleen C. Brockmeyer, Assistant Attorney General, Baltimore, Maryland, for Appellee.
 D.Md.
 Affirmed.
 Before WIDENER and PHILLIPS, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Charles E. Brent, a Maryland prisoner, appeals from the order of the district court dismissing his petition under 28 U.S.C. § 2254 (1988) as being an abuse of the writ under rule 9(b) of the Rules Governing Proceedings Under § 2254. We affirm.
 
 
 2
 Brent was convicted in state court of first degree murder, robbery, and related firearms offenses and sentenced to life imprisonment. Brent appealed to the Maryland Court of Special Appeals, which affirmed. Erman v. State, 434 A.2d 1030 (Md. Ct. Spec. App. 1981), cert. denied, 456 U.S. 908 (1982). Both the Maryland Court of Appeals and the United States Supreme Court denied certiorari review.
 
 
 3
 Brent subsequently filed a series of collateral attacks in both state and federal court raising numerous claims. Prior to the present motion Brent filed five habeas petitions under § 2254. All but the second of these were dismissed without prejudice due to Brent's failure to exhaust his state remedies. In addition, Brent filed four postconviction relief petitions in state court. Relief was denied in all of these actions, and the Maryland Court of Special Appeals denied leave to appeal the adverse decisions.
 
 
 4
 Brent ultimately filed the present petition, containing over 170 pages and raising twenty-one claims, in the district court. The Respondents filed an answer alleging abuse of the writ under rule 9(b), contending that several of the claims raised in the present petition had not been raised in Brent's first federal petition. As to the remaining claims, the Respondents argued that relief should be denied on the merits. Brent filed a Traverse addressing both the abuse of the writ argument and the merits of his claims. The district court subsequently filed an order dismissing the entire petition under rule 9(b). Brent filed a timely appeal.*
 
 
 5
 A prior petition which was dismissed without prejudice for failure to exhaust state remedies is ignored for rule 9(b) purposes. Woods v. Whitley, 933 F.2d 321, 322 n.1 (5th Cir. 1991). Brent's second federal petition, district court docket number 84-1222, was the only one of his five petitions decided on the merits. Under Woods, this would be the "first" petition for abuse of the writ purposes. Because this petition raised only a single claim, which was not raised in the current petition, all of the claims in the present petition would be abusive under rule 9(b) if 84-1222 is considered the first petition. However, the bulk of the claims presented in the current petition were also raised by Brent in No. 82-1169, his chronological"first" petition.
 
 
 6
 Because we conclude that all of the claims raised by Brent in the current petition are either abusive, procedurally defaulted, or meritless, regardless of which petition is treated as his"first," we need not decide whether Woods applies under the facts of the present case.
 
 
 7
 The state properly set forth Brent's prior writ history and alleged that claims III, VI, VII, XVIII, and XIX were abusive. The burden then shifted to Brent to show cause for his default, and prejudice arising from it. See McCleskey v. Zant, 59 U.S.L.W. 4288 (U.S. 1991). This he did not do. Accordingly, these claims, which appeared neither in Brent's first petition nor his second, were properly dismissed as abusive.
 
 
 8
 Brent's claims I, II, IX, XIV, and XVI all concerned the admission of evidence at his state trial. Brent alleges that testimony concerning a conspiracy between him, his co-defendant, and an unindicted coconspirator, should not have been admitted because the conspiracy charges had been dismissed. The state court found these claims to have been procedurally defaulted. Erman, 434 A.2d at 1041. Federal review is therefore barred. See Wainwright v. Sykes, 433 U.S. 72, 9091 (1977). To the extent that they were not defaulted, they are meritless. See Grundler v. North Carolina, 283 F.2d 798, 802 (4th Cir. 1960) (challenges to the admission of evidence in state trials are generally beyond the scope of federal habeas review unless the challenged evidence impugned fundamental fairness or infringed upon a specific constitutional right); see also United States v. Todd, 920 F.2d 399, 406-07 (6th Cir. 1990) (acquittal of previously indicted coconspirator does not bar introduction of acquitted co-conspirator's statements as statements of co-conspirator in trial of another defendant).
 
 
 9
 In claims IV, V, and XX Brent also challenged the admission of testimony from Paul Katsus, the unindicted co-conspirator. As noted, this sort of claim is generally unreviewable on habeas attack. See Grundler, 283 F.2d at 802. In addition, immunity agreements are a common feature of contemporary criminal prosecutions, and are certainly not prohibited as a matter of federal constitutional law.
 
 
 10
 Brent's complaint concerning the failure to receive a transcript of a portion of Katsus's grand jury testimony is meritless as the transcript could not have altered the outcome of Brent's trial. See United States v. Bagley, 473 U.S. 667, 682 (1985).
 
 
 11
 Brent's claims concerning violations of the Interstate Agreement on Detainers are meritless because he has not shown any resulting prejudice. Kerr v. Finkbeiner, 757 F.2d 604, 607 (4th Cir.), cert. denied, 474 U.S. 929 (1985).
 
 
 12
 Claims X, XI, XIII and XV, were procedurally defaulted because Brent failed to object at trial. See Erman, 434 A.2d at 1044-46. Federal review is therefore unavailable. See Wainwright, 433 U.S. at 9091.
 
 
 13
 Brent's final claims, concerning adverse publicity and denial of his motion to sever his trial from that of his co-defendant, to the extent they are reviewable, are meritless because Brent has failed to show any resulting prejudice.
 
 
 14
 In conclusion, we affirm the dismissal of claims III, VI, VII, XVIII and XIX as abusive under rule 9(b). The remainder of Brent's claims are meritless. Accordingly, we affirm the denial of relief under § 2254. We deny Brent's motion for appointment of counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Brent did not receive notice, required under Johnson v. Copinger, 420 F.2d 395 (4th Cir. 1969), that the court was contemplating dismissal under rule 9(b). This error was harmless. The Respondents' pleadings carefully set out the abuse of the writ argument, and Brent responded to the argument fully in his Traverse