The appellant, Milton Wayne Seymore, was indicted by the grand jury of Jefferson County for robbery; he duly entered a plea of not guilty, was found guilty of robbery as charged in the indictment, and duly sentenced to be imprisoned in the penitentiary for a term of twenty-five years. He appeals to this Court.
The appellant was at all proceedings in the trial court represented by court-appointed counsel, and is so represented in this Court. This case was submitted to this Court on briefs.
The appellant complains in his brief that the trial court committed reversible error during his trial on two grounds: First, by denying his motion to dismiss the indictment against him because of the failure of the State of Alabama to try the appellant within 180 days under Article III of the Uniform Mandatory Disposition of Detainers Act, Code of Alabama, 1975, Sec. 15-9-81; second, by overruling appellant's objection regarding a co-defendant's possession of the victim's revolver in a subsequent, unrelated crime.
When this case was called for trial, appellant's counsel stated to the court that before we draw the jury, we'd like to have a pre-trial motion. The court replied, "all right." Appellant's counsel then stated, "Your Honor, we would like to respectfully move the court that this indictment be dismissed for failure of the state to provide the defendant with a quick and speedy trial under the Interstate Detainers Act, more specifically known as Section 15-9-81 of the Alabama Code of 1975, which specifically provides that the defendant shall be tried within a hundred and eighty days after he waives his right to extradition. And the record will indicate that on April 13, 1981 the defendant did waive his right to extradition, and sent such a notice to Mr. Earl Morgan, District Attorney of Jefferson County, and from that period of time the hundred and eighty days did run. For that reason, under this provision the defendant's case is due to be dismissed for failure to grant a quick and speedy trial." There followed a colloquy between the judge, appellant's counsel and state's counsel, after which the court stated: "On that, I think it's something for good cause shown, and the case has been set as quick as it could be heard, and I overrule the motion." Then appellant's exhibits 1 through 6 were introduced in evidence as evidence for purpose of the motion only. No other evidence was presented on the motion to dismiss for lack of a trial within 180 days.
We set out appellant's exhibits 1 through 6. *Page 1190 
 "Agreement on Detainers: Form II
"Five copies, if only one jurisdiction within the state involved has an indictment, information or complaint pending. Additional copies will be necessary for prosecuting officials and clerks of court if detainers have been lodged by other jurisdictions within the state involved. One copy should be retained by the prisoner. One signed copy should be retained by the warden. Signed copies must be sent to the Agreement Administrator of the state which has the prisoner incarcerated, the prosecuting official of the jurisdiction which placed the detainer, and the clerk of the court which has jurisdiction over the matter. The copies for the prosecuting officials and the court must be transmitted by certified or registered mail, return receipt requested.
 "INMATE'S NOTICE OF PLACE OF IMPRISONMENT AND REQUEST FOR DISPOSITION OF INDICTMENTS, INFORMATIONS OR COMPLAINTS
"TO: Earl C. Morgan, DA, Prosecuting Jefferson Co., ALA 35263
Officer (jurisdiction)
 Polly Conradi, Ct. Clk., Court Jefferson Co., ALA. 35263
(jurisdiction)
And to all other prosecuting officers and courts of jurisdictions listed below from which indictments, informations or complaints are pending.
"You are hereby notified that the undersigned is now imprisoned in Tenn.State Penitentiary at Station A West, (institution)Nashville, Tenn. 37203
(town and state)
and I hereby request that a final disposition be made of the following indictments, informations or complaints now pending against me:
"Robbery-GJ # 82293
"Failure to take action in accordance with the Agreement on Detainers, to which your state is committed by law will result in the invalidation of the indictments, informations or complaints
"I hereby agree that this request will operate as a request for final disposition of all untried indictments, informations or complaints on the basis of which detainers have been lodged against me from your state. I also agree that this request shall be deemed to be my waiver of extradition with respect to any charge or proceeding contemplated hereby or included herein, and a waiver of extradition to your state to serve any sentence there imposed upon me, after completion of my term of imprisonment in this state. I also agree that this request shall constitute a consent by me to the production of my body in any court where my presence may be required in order to effectuate the purposes of the Agreement on Detainers and a further consent voluntarily to be returned to the institution in which I now am confined.
"Agreement on Detainers: Form II (continued)
"If jurisdiction over this matter is properly in another agency, court or officer, please designate the proper agency, court or officer and return this form to the sender
"The required Certificate of Inmate Status and Offer of Temporary Custody are attached.
"DATED: 4/13/81
 Milton W Seymore 914 81
(Inmate's name and number)
"The inmate must indicate below whether he has counsel or wishes the court in the receiving state to appoint counsel for purposes of any proceedings preliminary to trial in the receiving state which may take place before his delivery to the jurisdiction in which the indictment, information or complaint is pending. Failure to list the name and address of counsel will be construed to indicate the inmate's consent to the appointment of counsel by the appropriate court in the receiving state. *Page 1191 
 "A. My counsel is ________________________________________, (name of counsel)
 whose address is _____________________________________. (street, city and state)
"B. I request the court to appoint counsel.
 Milton W Seymore
(inmate's signature)
 "Subscribed and sworn to before me, in my presence, this 13
day of Apr. 1981,
 "Brenda G. Griggs
Notary Public
"expires Oct. 21, 1984"
"8 — 1355
 "Agreement on Detainers: Form III
"In the case of an inmate's request for disposition under Article III, copies of this Form should be attached to all copies of Form II. In the case of a request initiated by a prosecutor under Article IV, copy of this Form should be sent to the prosecutor upon receipt by the warden of Form V. Copies also should be sent to all other prosecutors in the same state who have lodged detainers against the inmate. A copy may be given to the inmate.
 "CERTIFICATE OF INMATE STATUS
"RE Milton Wayne Seymour, 91481
(inmate) (number)
 Tennessee State Penitentiary
(institution)
Station A West, Nash., Tenn. 37203
(location)
"The (custodial authority) hereby certifies:
 "1 The term of commitment under which the prisoner above named is being held: 30 years-Class x
"2 The time already served: 1 month 7 days
 "3 Time remaining to be served on the sentence: 29 yrs, 10 months, 23 days.
"4 The amount of good time earned: Not Elig.
 "5 The date of parole eligibility of the prisoner: Prob. 3-6-93
 "6 The decisions of the Board of Parole relating to the prisoner: (if additional space is needed use reverse side) Not elig.
"7 Maximum expiration date under present sentence: 3-6-2011
 "8 Detainers currently on file against this inmate from your state are as follows:
 Robbery-GJ # 82293 Jefferson Co., Ala. 35263
_________________________________________________________ _________________________________________________________
"DATED: 3-13-81 Sue Pollock, Record Clerk II Sue Pollock, Record Clerk II
Custodial Authority
"Subscribed and sworn to before J.H. Rose me, in my presence, this 13 By: J.H. Rose, Warden
day of Apr. 1981. Warden — XXXXXXXX
Brenda G. Griggs
Notary Public
My Commission expires Oct. 21, 1984" *Page 1192 
 "AGREEMENT ON DETAINERS: Form IV
"In the case of an inmate's request for disposition under Article III, copies of this Form should be attached to all copies of Form II. In the case of a request initiated by a prosecutor, this Form should be completed after the Governor has indicated his approval of the request for temporary custody or after the expiration of the 30 day period. Copies of this Form should then be sent to all officials who previously received copies of Form III. One copy also should be given to the prisoner and one copy should be retained by the warden. Copies mailed to the prosecutor should be sent by certified or registered mail, return receipt requested.
 "OFFER TO DELIVER TEMPORARY CUSTODY
Date April 13, 1981
"TO: Earl C. Morgan, DA
(insert name and title if known)
 Prosecuting Officer Jefferson Co., ALA
(jurisdiction)
and to all other prosecuting officers and courts of jurisdictions listed below from which indictments, informations or complaints are pending.
"RE: Milton Wayne Seymour Number 91481
(inmate)
"Dear Sir:
Pursuant to the provisions of Article V of the Agreement on Detainers between this state and your state, the undersigned hereby offers to deliver temporary custody of the above-named prisoner to the appropriate authority in your state in order that speedy and efficient prosecution may be had of the indictment, information or complaint which is (described in the attached inmate's request) (XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX (date)
"(The required Certificate of Inmate Status is enclosed.)xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx)
(date)
"If proceedings under Article IV (d) of the Agreement are indicated, an explanation is attached
"Indictments, informations or complaints charging the following offenses also are pending against the inmate in your state and you are hereby authorized to transfer the inmate to custody of appropriate authorities in these jurisdictions for the purposes of disposing of these indictments, informations or complaints.
Offense County or Other Jurisdiction
____________________________ _________________________________ ____________________________ _________________________________ ____________________________ _________________________________ ____________________________ _________________________________
"Agreement on Detainers: Form IV (continued)
"If you do not intend to bring the inmate to trial, will you please inform us as soon as possible?
"Kindly acknowledge.
 "Sue Pollock, Record Clerk II Sue Pollock, Record Clerk II
(name and title of custodial authority)
 J.H. Rose "BY: J.H. Rose, Warden
(Warden — xxxxxxxxxxxxxxxx) Tennessee State Penitentiary
 Station A West, Nash., Tenn. 37203
(Institution and address)
x x x x x x x x x x x x x x x x x x x x x x x x x x x x x x x x *Page 1193 
 "A. My counsel is _____________________Subscribed and sworn
name of counsel
 before me, in my presence, whose address is ________________this 13 day of
(street, city and state) Apr., 1981.
______________________________________________________ Brenda H. Griggs
Notary Public
 My commission expires Oct. 21, 1984.
"B. I request the court to appoint counsel.
 Milton W. Seymore 91481
(inmate's signature)"
Code of Alabama, 1975, Sec. 15-9-81, Article III (a) provides, in part, that: "Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information, or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within 180 days after he shall have causedto be delivered to the prosecuting officer and the appropriatecourt of the prosecuting officer's jurisdiction written noticeof the place of his imprisonment and his request for a finaldisposition to be made of the indictment, information, orcomplaint; provided, that for good cause shown in open court, the prisoner, or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance."
It appears from the record that a writ of arrest for robbery was issued out of the Circuit Court of Jefferson County, Alabama on August 12, 1980. The indictment was returned by the grand jury on August 17, 1980, at which time the appellant had left the State of Alabama, and was reported to be in jail somewhere in the State of Tennessee. All of appellant's exhibits that are dated are dated April 13, 1981. It appears that the appellant was present before a judge in the Circuit Court of Jefferson County, Alabama on August 7, 1981, when the court appointed counsel for the appellant, and his arraignment for August 17, 1981. On August 17, 1981 the appellant was arraigned, and his trial set for November 30, 1981. On November 30, 1981 trial was started and ended on December 1, 1981 when the jury found the appellant guilty.
We have searched the record and find that there is nothing in the record to prove the date that appellant's exhibits were caused to be delivered to the prosecuting officer, and the appropriate court of the prosecuting officer's jurisdiction. Written notice of the place of his imprisonment, and his request for a final disposition to be made of the indictment, information, or complaint, must be sent to the proper authorities of the receiving state to trigger the state's obligation under Article III. The record is void of any evidence tending to prove the date appellant's exhibits were delivered to the prosecuting attorney. There is no evidence that appellant's exhibits were sent by registered or certified mail, return receipt requested, as provided by the statute in this case. The colloquy between the trial judge and counsel for the state and appellant's counsel indicated that the appellant, accompanied by his counsel, on August 7, 1981, the arraignment date in this case, requested a continuance. That the appellant had three other felony cases pending in the Circuit Court of Jefferson County. At the conclusion of the colloquy between counsel for state and counsel for the appellant the trial court said: "On that I think it's something for good cause shown, and the case has been set as quick as it could be heard."
This Court has recently said: "We are of the opinion that there must be strict compliance *Page 1194 
by the prisoner with the requirements of Article III, otherwise, a conniving prisoner could finagle procedures to frustrate efforts of the prosecution to give the prisoner the benefit of the Interstate Compact On Detainers. The appellant's contention that his conviction was vitiated by failure of the state to comply with the procedures of the Act is not well founded. It is our judgment that the appellant's request for disposition was insufficient to trigger the state's obligation under Article III." Section 15-9-81, Article III (a) provides that the notice and request for a final disposition of an untried indictment, information, or complaint on the basis of which a detainer has been lodged against a prisoner, shall be brought to trial in 180 days after he shall have caused to bedelivered to the prosecuting officer and the appropriate courtof the prosecuting officer's jurisdiction written notice of theplace of his imprisonment and his request for a finaldisposition to be made of the indictment, information orcomplaint against him, and section (b) provides that these documents be sent by registered or certified mail, return receipt requested. After an examination of the documents contained in this record, we are unable to determine the dates they were caused to be delivered to the prosecuting attorney and the Clerk of the Circuit Court of Jefferson County, Alabama.
We hold that when there is no proof of the date of the delivery of the foregoing documents to the proper prosecuting attorney and the Clerk of the Circuit Court of Jefferson County, Alabama, the trial court did not err to the prejudice of the appellant when it overruled appellant's motion to dismiss. Code of Alabama, 1975, Sec. 15-9-81, Article III;Whitley v. State, Ala.Cr.App. 392 So.2d 1220, and cases cited therein; Certiorari Denied, 392 So.2d 1225. The burden of proof is on the appellant to show by the record that the trial court erred to his prejudice. To have the benefits of Code, 1975, Sec. 15-9-81, Article III, he must prove the date his request was delivered to the proper officers of the demanding state.
The second contention of appellant in his brief is that the trial court erred by admission of testimony regarding a co-defendant's possession of the victim's revolver in a subsequent, unrelated crime.
State's witness, Billy Pichelmayer, tended to prove that on November 24, 1979, he owned, and was working at Bob Hall Auto Parts at 2620, 27th Avenue North, Birmingham, Alabama; that close to 5:00 o'clock, p.m. three black men rushed in the store, all with guns in their hands, and said this is a stickup; everybody get on the floor with your face down; that one of the three men hit him in the head with a pistol, and told him he had better lie down, and he did; that at the time he had two pocketbooks in his pockets, and that one contained $500.00, and the other one contained $1300.00; that the man who hit him took both pocketbooks; that Pichelmayer positively identified the appellant, Seymore, as one of the three men who robbed him; that when Pichelmayer got up from the floor, his .38 blue steel Colt pistol was missing; state's exhibit 1, a .38 blue steel Colt pistol, was shown to Pichelmayer, and he identified it as his pistol missing after the individuals who robbed him had left the store; that he had seen the pistol about five or ten minutes before the men who robbed him came into his store; that he had observed a photograph of Levoin Cheatham, and identified him as one of the three persons who robbed him, and who hit him on his head; that he was shown a photograph of the appellant about 10 days after the robbery, and identified him as one of the three persons who robbed him.
Appellant's counsel conducted an extensive cross-examination of Mr. Billy Pichelmayer to show a mistake on the part of Mr. Pichelmayer in respect to the identification of the defendant.
State's witness, Officer Bowlin, testified, in substance, as follows: That on December 1, 1979, he was employed by the Nashville Metropolitan Police Department; that about 12:30 he was dispatched to the B B Liquor Store located at 202 Shelby Street, Nashville, Tennessee; that when he first entered the store, he observed only one *Page 1195 
person present, Levoin Cheatham, standing over to the right of the officer, 5 or seven feet away, and where the cash register, and a shelf were, and later on, and on the same occasion, he arrested Milton Wayne Seymore, the appellant, and William Malverick Player; that he arrested the appellant, Cheatham, and Player all inside the liquor store; that Officer Meece, a Nashville police officer, was with Officer Bowlin on the occasion, and after the arrest of the three persons, she observed state's exhibit 1, a .38 caliber revolver hand pistol lying on a shelf within 3 to 7 feet from the point where Levoin Cheatham was standing when Officer Bowlin first observed him when Bowlin first entered the store; State's exhibit 1 was shown to Officer Bowlin, and he identified it as the same gun found that was lying on the shelf in the liquor store on the occasion when he arrested the appellant, Cheatham, and Player; that he first saw the gun at the B B Liquor Store in Nashville, Tennessee on December 1, 1979 at about 12:45, the day he took possession of it; that state's exhibit 1 appears to be in the same, or substantially the same, condition now as it was when it was found in the liquor store; that the gun was fully loaded when the officer took possession of it; that when Cheatham was arrested, he had on his person two .38 caliber shells that fit the gun.
Officer Meece testified, in substance, that she was with Officer Bowlin at B B Liquor Store, located at 202 Shelby Street in Nashville, Tennessee, on the 1st day of December, 1979, on the occasion of the appellant's arrest; that she observed state's exhibit 1 lying up on a shelf among some bottles; that it was not covered up, but was lying there as if a right handed person had placed it; she identified state's exhibit 1 to be in the same, or substantially the same, condition as it was when she first saw it on the shelf in the B B Liquor Store in Nashville, Tennessee.
State's witness, J.C. Ferrell, an officer of the Birmingham Police Department on November 24, 1979, and who was in the robbery department, and was assigned to investigation of a robbery that occurred on the 24th day of November at Bob Hall Auto Parts, testified that Seymore, Cheatham, and Player were all three charged in the robbery of Bob Hall Auto Parts.
The state rested its case, and the appellant moved for a mistrial based upon the admissibility of the evidence of a subsequent robbery, which by the general rules of evidence, should have been excluded based upon the fact that it did not tend to indicate the guilt of any element — I mean the commission of any element of the crime of which Mr. Seymore is charged.
"We move for a mistrial based upon the admissibility of the evidence regarding the .38 caliber Colt, which is not included in the indictment as having been one of the elements involved in the robbery."
"We move for a mistrial based upon the fact that there was no evidence presented prior to the admissibility of the evidence regarding the Colt that it was indeed stolen by any one of the defendants in this particular action."
"We further submit that the evidence regarding the gun was not material to the theft of any currency for which the defendant is charged."
The appellant rested his case without offering any testimony on his behalf, except his exhibits.
The indictment charged the appellant with robbery of Billy Pichelmayer of one thousand eight hundred dollars. In proving this charge the state introduced evidence tending to prove that the appellant, one Levoin Cheatham, and one Malverick Player all three participated in the robbery of Billy Pichelmayer, in Birmingham, Alabama, on November 24, 1979; that about 5 or ten minutes before the robbery Mr. Pichelmayer saw his .38 caliber pistol in his store, and a few minutes after the robbery he observed that his pistol was gone. That 7 days later the appellant, Cheatham, and Player were arrested in Nashville, Tennessee by a police officer in a liquor store in Nashville, Tennessee, and Pichelmayer's .38 caliber pistol was found by an officer on a *Page 1196 
shelf 3 to 7 feet from where Cheatham was standing, near the cash register, and Cheatham had two .38 caliber cartridges on his person that would fit the gun.
The appellant contends that the trial court erred to his prejudice when it allowed in evidence the evidence about the arrest of the three men in Nashville, Tennessee, and state's exhibit 1, the pistol, and contends that the evidence was not admissible under the rule that prohibits evidence of other crimes from being introduced on the trial of the crime now being tried. There are exceptions to this rule of law; among them is the rule which allows evidence of other crimes to be introduced in the trial of the present crime, when it is relevant to the present crime, and tends to prove an element of the present crime that is at issue in the present crime. The identity of the appellant was made an issue in this case by the appellant's extended cross-examination of state's witness, who identified the appellant, in an effort to convince the jury that state's witness could not identify the appellant, and the other two men who assisted appellant in the robbery.
We hold that the evidence of the arrest of the appellant, and the other two persons, in Nashville, Tennessee, and the recovery of state's exhibit 1, a pistol, was properly admitted into evidence by the trial judge, even though it tended to prove the commission of another crime. McElroy's AlabamaEvidence, Third Edition, 69.01 (8); Thomas v. State, Ala.Cr.App. 409 So.2d 955; Nichols v. State, Ala.Cr.App.422 So.2d 804. Cheatham v. State, 431 So.2d 1350, 3-1-83; (Ala.Cr.App.).
The judgment of the trial court is due to be, and is hereby affirmed.
The foregoing opinion was prepared by Honorable JOSEPH J. MULLINS, a retired Circuit Judge, serving as a Judge of this Court; his opinion is hereby adopted as that of the Court.
The judgment below is hereby affirmed.
AFFIRMED.
DeCARLO, P.J., and TYSON, HARRIS and BOWEN, JJ., concur.
 *Page 1