**Milton Wayne SEYMORE,
Petitioner–Appellant,**

v.

**STATE OF ALABAMA, Leoneal Davis, Warden, et al., and The Attorney General of the State of Alabama, Respondents–Appellees.**

No. 87–7087.

United States Court of Appeals, Eleventh Circuit.

June 14, 1988.

---

Michael Valentini, Skadden, Arps, Slate, Meagher & Flom, New York City, for petitioner-appellant.

Donald Siegelman, Atty. Gen., Helen P. Nelson, Rivard Melson, Asst. Attys. Gen., Montgomery, Ala., for respondents-appellees.

Before VANCE and EDMONDSON, Circuit Judges, and TUTTLE, Senior Circuit Judge.

EDMONDSON, Circuit Judge:

■ Milton Wayne Seymore, an Alabama prisoner, appeals from the denial of his petition for a writ of habeas corpus by the district court for the Northern District of Alabama. Seymore contends that his conviction was obtained in violation of the "speedy trial provision" of Article III(a) of the Interstate Agreement on Detainers, Ala.Code. sec. 15–9–81 (1982) (hereinafter "IAD" or "the Agreement") because he was tried more than 180 days after requesting a final disposition of an outstanding indictment lodged against him.[1]  We

---

1. The Interstate Agreement on Detainers, codified in Ala.Code. sec. 15–9–81 (1982), is a compact among forty-eight states, the District of Columbia, Puerto Rico, the Virgin Islands and the federal government of the United States. The IAD was initially drafted by the Council of State Governments in 1956 and establishes procedures by which one jurisdiction may obtain temporary custody of a prisoner incarcerated in another jurisdiction for the purpose of bringing that prisoner to trial.

The "speedy trial provision" of Article III(a) of this Agreement provides:

Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information, or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within 180 days after he shall

hold that a violation of Article III(a) of the Agreement will support no post-conviction relief pursuant to 28 U.S.C. Sec. 2254 when petitioner alleges no facts casting substantial doubt on the state trial's reliability on the question of guilt. The judgment of the district court is affirmed.[2]

In 1980, while he was serving a thirty-year sentence in the Tennessee State Penitentiary (TSP), Seymore was indicted by an Alabama grand jury for robbery. In March 1981, the district attorney of the Tenth Judicial District of Alabama lodged a detainer against Seymore. In April 1981, pursuant to Article III(a) of the IAD, Seymore filed an Inmate's Notice of Place of Imprisonment and Request for Disposition of Indictments, Informations or Complaints (hereinafter *"Inmate's Notice "*) with the Warden of the TSP who, by certified mail, forwarded Seymore's request to the Alabama district attorney and court clerk. In August 1981, Seymore was sent to Alabama where he was arraigned on August 17, 1981; his trial began on November 30, 1981.[3] After a two-day trial, the jury found Seymore guilty of robbery and sentenced him to twenty-five years in prison.

Prior to his trial, Seymore moved to have the robbery indictment against him dismissed because he was not tried within 180 days after his *Inmate's Notice* was served on the Alabama district attorney and the Clerk of the Alabama Court. This motion was based on the "speedy trial provision" of Article III(a) of the IAD which provides

that where a prisoner incarcerated in one state files an *Inmate's Notice* on "any untried indictment" pending in another state "on the basis of which a detainer has been lodged against the prisoner," the prisoner must be brought to trial within 180 days. *See* IAD, Art. III(a). Failure to try the prisoner within this period requires dismissal of the indictment with prejudice. *Id.* at Art. V(c). The state trial court denied this motion to dismiss; and after Seymore was convicted, he appealed to the Alabama Court of Criminal Appeals. *See Seymore v. State*, 429 So.2d 1188 (Ala.Cr.App.1983).

On appeal, Seymore's conviction was affirmed because the Alabama appellate court determined that he had not sustained his burden of proving the date on which his *Inmate's Notice* was delivered to the Alabama authorities for purposes of calculating the 180–day limitation period contained in Article III(a) of the Agreement. The court held, ·

> [t]he record is void of any evidence tending to prove the date [the *Inmate's Notice* was] delivered to the prosecuting attorney. There is no evidence that [the *Inmate's Notice* was] sent by registered mail, return receipt requested, as provided by the statute in this case.

.     .     .     .     .

We hold that when there is not proof of the date of the delivery of the [*Inmate's Notice* ] documents to the proper prosecuting attorney and the Clerk of the Circuit Court of Jefferson County, Alabama,

---

have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information, or complaint; provided, that for good cause shown in open court, the prisoner, or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance....
Ala.Code sec. 15–9–81, Article III(a).

**2.** As presented to us, this case deals almost entirely with a violation of federal law (the IAD); but the constitutional right to a speedy trial under the sixth amendment was mentioned in some briefs. The district court properly denied any relief that was requested on sixth amendment grounds. *See generally Barker v.*

*Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972) (presenting the criteria to be applied in judging speedy-trial claims). Petitioner's failure to allege facts showing prejudice supports this conclusion.

**3.** Apparently, Seymore's November 30, 1981 trial date was set during his August 17, 1981 arraignment. The State of Alabama contends, however, that good cause existed excusing its failure to try Seymore within the 180–day limitation period imposed by Article III of the Agreement. Neither party's briefs fully illuminate the circumstances alleged by the state in this regard. Given our disposition of this case, it is unnecessary to determine whether good cause existed excusing the violation of the IAD; but, for purposes of this appeal, we will assume that good cause excusing Alabama's violation of the IAD did not exist.

the trial court did not err to the prejudice of the appellant when it overruled appellant's motion to dismiss.... The burden of proof is on the appellant to show by the record that the trial court erred to his prejudice. To have the benefits of [the IAD], he must prove the date his request was delivered to the proper officers of the demanding state.

*Id.* at 1194. (citations omitted).

After this unsuccessful appeal, Seymore wrote to the Tennessee State Penitentiary and was notified that his *Inmate's Notice* was received by the Alabama district attorney and court clerk on April 17, 1981 and April 16, 1981 respectively.[4] This information tended to prove that Seymore was tried 227 days after his *Inmate's Notice* was served upon the appropriate Alabama officials. Armed with this information, Seymore filed the instant habeas petition in federal district court. Although acknowledging "that the circuits are in great conflict concerning whether a violation of the IAD may be a basis for federal habeas relief in an action filed by a state prisoner," the district court assumed for the purposes of its opinion that IAD violations are cognizable under 28 U.S.C. sec. 2254. The district court then denied Seymore's petition by agreeing with the conclusion of the Alabama Court of Criminal Appeals that Seymore "never established that the statutory notice was received by the appropriate officials of the receiving state."

4. Attached to Seymore's pleadings is a letter dated May 23, 1983, which he received from the Record Clerk of the TSP. This letter provided, in pertinent part, that:

The documents you inquired about were mailed to Jefferson County, Alabama on 4–13–81 by Certified Mail. The District Attorney received his on 4–17–81 under Certified number P19 6905334 and the Court Clerk received hers on 4–16–81 under number P19 6905335.

5. In regard to the district court's reliance on Article IV as an alternative basis for denying Seymore's section 2254 petition, we doubt that trying Seymore within the 120–day limitation period provided in Article IV remedied Alabama's failure to bring Seymore to trial within the 180–day limitation period of Article III. These limitation periods are mutually exclusive. Under the approach suggested by the district court, a prosecutor would never have to initiate

In addition, as an alternative basis for its decision, the district court relied upon Article IV of the IAD, which provides that when a state requests return of a prisoner from the custody of another state for trial in the receiving state, the trial must be commenced within 120 days of the date the prisoner arrives in the receiving state. *See* IAD, Art. IV. Believing the state had fully complied with the requirements of Article IV, the district court determined that no IAD violation had occurred.[5] Accordingly, the district court denied Seymore's petition; this appeal followed.

■ Treating Seymore's allegations as true, he was not tried within the time required by Article III(a) of the IAD; therefore, we will determine whether such a violation is cognizable in post-trial federal habeas proceedings. Section 2254 of Title 28 of the United States Code provides:

(a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court on *only the ground that he is in custody in violation of the* Constitution or *laws* or treaties *of the United States.*

(emphasis added). Initially, we note that the IAD is a congressionally sanctioned interstate compact within the context of the Compact Clause of the United States Constitution.[6] The Agreement is, thus,

a trial within Article III's 180–day limitation period. Instead, prosecutors could circumvent Article III entirely merely by bringing a prisoner to trial within Article IV's 120–day limitation period even though the prisoner had, pursuant to Article III, filed an *Inmate's Notice* more than 180 days earlier. Thus, the speedy trial provision of Article III would be totally abrogated.

6. The Compact Clause of the United States Constitution provides, in pertinent part,

"No State shall, without the consent of the Congress, ... enter into any agreement or Compact with another state...."

U.S. Const., Art. 1, sec. 10, cl. 3. "In the case of the Detainer Agreement, Congress gave its consent in advance by enacting the Crime Control Consent Act of 1934, [4 U.S.C. sec. 112 (1985) ]". *See generally Cuyler v. Adams,* 449 U.S. 433, 442 & n. 9, 101 S.Ct. 703, 708 & n. 9, 66 L.Ed. 641 (1981).

considered a "law[ ] ... of the United States." *See Carchman v. Nash,* 473 U.S. 716, 719–20, 105 S.Ct. 3401, 3403, 87 L.Ed. 516 (1985); *Cuyler v. Adams,* 449 U.S. 433, 438–42, 101 S.Ct. 703, 706–08, 66 L.Ed.2d 641 (1981).

Still, not all violations of a "law[ ] of the United States" may be asserted in a habeas corpus proceeding. Indeed, when determining whether nonconstitutional federal claims are cognizable in federal habeas proceedings, "the appropriate inquiry [is] whether the claimed error of law [is] 'a fundamental defect which inherently results in a *complete miscarriage of justice,*' and whether '[i]t ... present[s] exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent.' " *Davis v. United States,* 417 U.S. 333, 346, 94 S.Ct. 2298, 2305, 41 L.Ed. 2d 109 (1974) (emphasis added) *quoting Hill v. United States,* 368 U.S. 424, 429, 82 S.Ct. 468, 472, 7 L.Ed.2d 417 (1962).

Although other Circuits have held differently,[7] we are persuaded by the decisions of our colleagues on the First, Second, Fourth, Eighth, Ninth and Tenth Circuits who have held that various violations of the IAD are nonfundamental defects and—absent a showing of some sort of prejudice—are uncognizable in a federal habeas proceeding. *See, e.g., Fasano v. Hall,* 615 F.2d 555, 558 (1st Cir.) (alleged violation of Article III's speedy trial provision and other alleged IAD violations uncognizable under section 2254 because violations are "not 'fundamental defects' indicating a 'miscarriage of justice' "), *cert.*

*denied,* 449 U.S. 867, 101 S.Ct. 201, 66 L.Ed.2d 86 (1980); *Edwards v. United States,* 564 F.2d 652, 654 (2d Cir.1977) (per curiam) (alleged violation of Article IV's anti-shuttling provision uncognizable under section 2255 because violation did not result "in a complete miscarriage of justice"); *Kerr v. Finkbeiner,* 757 F.2d 604, 607 (4th Cir.) ("violation of the 180–day time provision of Article III(a) alleged in this case does not constitute a fundamental defect entitling petitioner to relief under section 2254, because Kerr has failed to show any prejudice...."), *cert. denied,* 474 U.S. 929, 106 S.Ct. 263, 88 L.Ed.2d 269 (1985); *Mars v. United States,* 615 F.2d 704, 707 (6th Cir.) (alleged violation of Article IV's anti-shuttling provision "does not rise to the level of seriousness justifying section 2255 relief" because petitioner failed to show actual prejudice), *cert. denied,* 449 U.S. 849, 101 S.Ct. 138, 66 L.Ed.2d 60 (1980); *Huff v. United States,* 599 F.2d 860, 863 (8th Cir.) (alleged violation of Article IV's anti-shuttling provision and speedy trial provision uncognizable under section 2255 because Huff failed to show actual prejudice), *cert. denied,* 444 U.S. 952, 100 S.Ct. 428, 62 L.Ed.2d 323 (1979); *Casper v. Ryan,* 822 F.2d 1283, 1288–91 (3rd Cir. 1987) (violation of Article III(a) uncognizable in section 2254 proceeding absent a showing of prejudice) *cert. denied,* —— U.S. ——, 108 S.Ct. 714, 98 L.Ed.2d 664 (1988); *Greathouse v. United States,* 655 F.2d 1032, 1034 (10th Cir.1981) (alleged violation of Article IV's anti-shuttling provision uncognizable under section 2255), *cert. de-*

---

**7.** For example, in *Gibson v. Klevenhagen,* 777 F.2d 1056 (5th Cir.1985), the Fifth Circuit implicitly held that IAD violations will support relief when that court concluded that the failure to try a petitioner with 180 days after an *Inmate's Notice* was filed required dismissal of the indictment. *Gibson,* however, did not discuss the implications of *Davis,* when reaching this conclusion. Similarly, in *Tinghitella v. California,* 718 F.2d 308 (9th Cir.1983), *Cody v. Morris,* 623 F.2d 101 (9th Cir.1980), and *Echevarria v. Bell,* 579 F.2d 1022 (7th Cir.1978), the Ninth and Seventh Circuits, without citing *Davis,* concluded that a violation of the time limitation provisions of the IAD is a cognizable defect.

Of the few cases cited by Seymore which have held that IAD violations are cognizable, only

*United States v. Williams,* 615 F.2d 585 (3rd Cir.1980), discusses the implications of *Davis.* For the reasons stated in the text of our opinion, however, we disagree with the Third Circuit's conclusion that an IAD violation is the type of fundamental defect that, in and of itself, will support section 2254 relief even absent a showing of some form of prejudice. The continued vitality of *Williams* has, however, recently been cast into doubt by *Casper v. Ryan,* 822 F.2d 1283 (3rd Cir.1987), in which the Third Circuit concluded, as we do today, that a violation of Article III(a) does not automatically constitute a fundamental defect entitling a petitioner to habeas relief.

*nied,* 455 U.S. 926, 102 S.Ct. 1289, 71 L.Ed. 2d 469 (1982).[8]

These cases are consistent with our previous decision in *Sassoon v. Stynchombe,* 654 F.2d 371 (5th Cir. Unit B, August 1981),[9] which also supports our conclusion that Seymore's claim is uncognizable. Although *Sassoon* did not confront the issue presented here—whether a violation of Article III(a) of the IAD may warrant federal habeas relief following a state trial—we emphasized that to obtain section 2254 relief, the petitioner needed to demonstrate that he was prejudiced by an alleged IAD violation. *See id.* at 374 (issuance of writ unjustified "where prisoner does not even allege that he was harmed by the violation."). Thus, in that case we concluded that dismissal of Sassoon's indictments was unjustified because no legitimate interest of his was impaired by the alleged IAD violation. *Id.*

In the instant case, Seymore has asserted no prejudice that resulted from Alabama's failure to try him within 180 days as required by Article III. Indeed, during oral argument Seymore's lawyer conceded that no injury resulting from the violation of the Agreement was alleged in Seymore's petition. Nor could Seymore have demonstrated such an injury since nothing in the record indicates that the "violation of the IAD has in any way affected or impugned the integrity of the fact finding process at his trial." *See Mars,* 615 F.2d at 707. Consequently, since Seymore has failed to demonstrate that he has suffered any prejudice in defending himself against the robbery charges, we hold that, under *Davis,* the alleged violation of Article III(a) of the IAD warrants no relief under 28 U.S.C. sec. 2254.

AFFIRMED.

---

**8.** Although some of the cases cited involved 28 U.S.C. sec. 2255 rather than 28 U.S.C. sec. 2254, the Supreme Court has said that the grounds for relief under each of the two sections are equivalent. *See, e.g., Davis v. United States,* 417 U.S. at 343–44, 94 S.Ct. at 2304.

**9.** In *Stein v. Reynolds Securities, Inc.,* 667 F.2d 33, 34 (11th Cir.1982), the Eleventh Circuit Court of Appeals adopted as precedent all decisions of Unit B of the former Fifth Circuit.