Jon Michael HUNTER, Petitioner–
Appellant,

v.

F.P. SAMPLES, Warden, Respondent–
Appellee.

No. 92–2535
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

March 7, 1994.

Before KRAVITCH, COX and CARNES,
Circuit Judges.

PER CURIAM:

■ Appellant Jon Michael Hunter is incarcerated in the Marianna, Florida federal

---

prison, located in the Northern District of Florida. He bases this suit for habeas relief on the allegation that his federal custodian violated the Interstate Agreement on Detainers Act (IADA), 18 U.S.C. Appendix. Specifically, Hunter contends that the IADA was violated when the federal government, after lodging a detainer[1] against him, transferred him from the Northern to the Middle District of Florida for prosecution of outstanding charges. The district court, adopting the recommendation of the magistrate judge, denied Hunter's petition.

The IADA is a compact entered into by 48 states and the United States whose purpose is to efficiently dispose of outstanding criminal charges brought against prisoners incarcerated in other jurisdictions. Under Article IV of the IADA, a signatory jurisdiction may file a detainer to receive temporary custody of a prisoner incarcerated in another jurisdiction, and then prosecute the prisoner for outstanding charges. The receiving jurisdiction must, with certain exceptions, try the prisoner within 120 days of his arrival in the jurisdiction or else the charges will be dismissed. IADA § 2, Art. IV(c), (e). The IADA's provisions apply to all "contracting States," i.e., the United States, any State of the United States, the District of Columbia, Puerto Rico, and the territories and possessions of the United States. IADA § 2, Art. II(a).

The United States Marshals Service, on behalf of the United States District Court for the Middle District of Florida, lodged a detainer against Hunter to resolve outstanding charges. The government effected Hunter's transfer to the Middle District through a request for production of a federal prisoner in the custody of the United States, pursuant to 18 U.S.C. § 3621(d). Hunter subsequently pleaded guilty to the outstanding charges. He contends, however, that his guilty plea should be set aside because the government impermissibly bypassed the procedures set forth in the IADA.

IADA violations are uncognizable in habeas proceedings, absent a showing that the violation prejudiced the rights of the accused by "affect[ing] or impugn[ing] the integrity of the fact finding process" at trial. *Seymore v. Alabama*, 846 F.2d 1355, 1359 (11th Cir.1988), *cert. denied*, 488 U.S. 1018, 109 S.Ct. 816, 102 L.Ed.2d 806 (1989). We need not address the issue of prejudice in this case because, for a more basic reason, the IADA is not applicable.

As discussed above, the IADA is by its nature an agreement among the governments of member states and the United States; it does not apply to transfers of prisoners within the federal system. *See United States v. Walling*, 974 F.2d 140, 141 (10th Cir.1992) ("[T]he IADA has no application if a prisoner in federal custody in one federal judicial district faces another federal indictment in a different federal judicial district."); *United States v. Stoner*, 799 F.2d 1253, 1256 (9th Cir.) ("Congress did not intend the IADA to apply to the transfer of a prisoner from one federal district to another."), *cert. denied*, 479 U.S. 1021, 107 S.Ct. 678, 93 L.Ed.2d 729 (1986); *United States v. Bryant*, 612 F.2d 806, 810 n. 6 (4th Cir.1979) ("[T]he [IADA] was simply not intended to apply at all to intra-federal system transfers...."), *cert. denied*, 446 U.S. 920, 100 S.Ct. 1855, 64 L.Ed.2d 274 (1980). Therefore, Hunter's transfer from the Northern to the Middle District of Florida on outstanding charges is not governed by the IADA's provisions, and the district court was correct in denying his petition.[2]

Accordingly, we AFFIRM the district court's denial of habeas relief.

---

1. A detainer is "a notification filed with the institution in which a prisoner is serving a sentence, advising him that he is wanted to face pending criminal charges in another jurisdiction." *United States v. Mauro*, 436 U.S. 340, 359, 98 S.Ct. 1834, 1846, 56 L.Ed.2d 329 (1978) (citations omitted).

2. We thus need not address the government's contention that by pleading guilty, Hunter waived any right to seek habeas relief for asserted IADA violations preceding his plea.