[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 13, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13350
Non-Argument Calendar

_____

D. C. Docket No. 06-01731-CV-JEC-1

PAUL PHILLIPS,

Petitioner-Appellant,

versus

DON JARRELL, Warden,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(June 13, 2008)**

Before TJOFLAT, ANDERSON and BLACK, Circuit Judges.

PER CURIAM:

Paul Phillips, a Georgia state prisoner proceeding <u>pro se</u>, appeals the district

court's order denying his federal habeas petition, brought pursuant to 28 U.S.C. § 2254. The district court granted a certificate of appealability ("COA") as to Phillips's claims that the state violated Articles IV(c) and IV(e) of the Interstate Agreement on Detainers Act ("IADA"), Pub. L. No. 91-538, 84 Stat. 1397 (1970). Upon review of the record and the parties' briefs, we discern no reversible error.

We review de novo the district court's denial of habeas relief. McNair v. Campbell, 416 F.3d 1291, 1297 (11th Cir. 2005). "The IADA is a compact entered into by 48 states and the United States whose purpose is to efficiently dispose of outstanding criminal charges brought against prisoners incarcerated in other jurisdictions." Hunter v. Samples, 15 F.3d 1011, 1012 (11th Cir. 1994). "The IADA's provisions apply to all contracting States, i.e., the United States, any State of the United States, the District of Columbia, Puerto Rico, and the territories and possessions of the United States." Id. (quotation omitted).

"Article IV provides the means by which a prosecutor who has lodged a detainer against a prisoner in another State can secure the prisoner's presence for disposition of the outstanding charges. Once he has filed a detainer against the prisoner, the prosecutor can have him made available . . . ." United States v. Mauro, 436 U.S. 340, 351-52, 98 S.Ct. 1834, 1843, 56 L.Ed.2d 329 (1978). "Two important limitations . . . are placed on a prosecuting authority once it has obtained

2

the presence of a prisoner pursuant to Art. IV." Id. at 352, 98 S.Ct. at 1843. First, Article IV(c) provides that, "[i]n respect of any proceeding made possible by this Article, trial shall be commenced within one hundred twenty days of the arrival of the prisoner in the receiving state . . . ." Id. (quotation omitted). Second, Article IV(e) provides, "If trial is not had on any indictment, information, or complaint contemplated hereby prior to the prisoner's being returned to the original place of imprisonment . . . such indictment, information, or complaint shall not be of any further force or effect, and the court shall enter an order dismissing the same with prejudice." Id. at 352-53, 98 S.Ct. at 1843 (quotation omitted).

We have held "that IAD violations are not cognizable in habeas proceedings absent a showing that the violation prejudiced the rights of the accused by affecting or impugning the integrity of the fact-finding process." Remeta v. Singletary, 85 F.3d 513, 519 (11th Cir. 1996). In Remeta, we affirmed the denial of a § 2254 petition alleging violations of IADA because the petitioner failed to allege any prejudice. Id. at 519. Similarly, in Seymore v. Alabama, 846 F.2d 1355, 1359 (11th Cir. 1988), we held that relief under § 2254 was unavailable where the petitioner failed to allege any injury resulting from the alleged IADA violation.

In the instant case, Phillips has failed to allege any prejudice from the alleged IADA violations. Thus, his IADA claims are not cognizable under § 2254

and we affirm the district court's denial of his habeas petition.

**AFFIRMED.**[1]

---

[1] Phillips's request for oral argument is denied.