LAWSON, J.
Giovanna Sinquin Walker appeals from an order denying his petition for writ of habeas corpus, which sought dismissal of a 2009 information charging him with purchase of cannabis. Walker is serving a federal prison sentence in Ohio, and acknowledges that Florida’s speedy trial rule does not afford him any relief.[1] However, Walker alleges that he is entitled to relief *916 under the speedy trial provision in the United States and Florida Constitutions, and under the Interstate Agreement on Detainers Act (“IADA”), section 941.45, Florida Statutes, and 18 U.S.C. Appendix.[2] We affirm.
With respect to Walker’s IADA claim, the trial court found that Walker had “not yet filed the documents required to trigger the provisions of this act.” Walker has not demonstrated any error in this ruling. Powers v. Powers, 831 So.2d 724, 724 (Fla. 5th DCA 2002) (“An appellant has the burden to bring forward a record adequate to demonstrate reversible error because we presume the decision of a trial court to be correct”) (citations omitted). Additionally, we note that “IADA violations are uncognizable in habeas proceedings, absent a showing that the violation prejudiced the rights of the accused by ‘affect[ing] or impugning] the integrity of the fact finding process’ at trial.” Hunter v. Samples, 15 F.3d 1011, 1012 (11th Cir.1994) (quoting Seymore v. Alabama, 846 F.2d 1355, 1359 (11th Cir.1988), cert. denied, 488 U.S. 1018, 109 S.Ct. 816, 102 L.Ed.2d 806 (1989)).
Walker has also failed to demonstrate any error in the trial court’s handling of his speedy trial argument. “[T]he determination of whether a person has been deprived of his constitutional right to a speedy trial depends in large part upon the consideration of four elements: (1) length of delay, (2) reason for delay, (3) whether the defendant asserted his right to be tried speedily, and (4) prejudice to the defendant caused by the delay.” State v. Blankenship, 422 So.2d 1059, 1060 (Fla. 2d DCA 1982) (citing Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972)). Walker’s filing with the trial court addressed only the first element, length of delay. As such, he could not establish a constitutional speedy trial violation. Id. We also note that the IADA provides a method through which Walker can secure a timely resolution of the charges against him. See § 941.45, Fla. Stat. (2009) (IADA, Art. 111(a)) (requiring that a prisoner be brought to trial within 180 days after submitting a proper request for disposition under the IADA). If the reason for delay in this case is Walker’s own failure to follow the procedure set forth in the IADA, we fail to see how Walker could establish a constitutional speedy trial violation.
AFFIRMED.
EVANDER and COHEN, JJ„ concur.

. Florida Rule of Criminal Procedure 3.191(e) provides that when a person charged with a crime in Florida is in federal custody, the speedy trial time periods in subsection (a) of the rule do not begin to run until “that person returns or is returned to the jurisdiction of the court within which the Florida charge is pending and until written notice of the person's return is filed with the court and served on the prosecutor....”

. The IADA is a compact entered into by the United States and most states, including Florida, to provide a procedure for disposing of outstanding criminal charges brought against prisoners incarcerated in other jurisdictions. A prisoner seeking to use the Act to secure the disposition of charges must ”cause[] to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer’s jurisdiction written notice of the place of his imprisonment and his request for a final disposition....” § 941.45, Fla. Stat. (2009) (IADA, Art. 111(a)). This notice must "be accompanied by a certificate of the appropriate official having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decision of the State parole agency relating to the prisoner.” Id.